Daniel, J.
 

 Chapter 48, sec. 1, of the Revised Statutes declares, that every planter shall make a sufficient fence about his cleared ground under cultivation, at least five feet high, unless where there shall be some navigable stream or deep water course, that may be deemed sufficient, instead of a fence aforesaid. Chap. 34, sec. 42, of the same Revised Statutes declares “ that all persons neglecting to keep and repair their fences during crop time, required by an act concern-
 
 *508
 
 fences, passed at this present session, shall be liable to be in-dieted.” The defendant was indicted for not keeping- up a sufficient fence, and the indictment concludes against the “statute.” This conclusion in the singular number, we think, was right; because the said two chapters, which we admit must be'taken together to make up the body of-the of-fence, are but parts of
 
 one statute.
 
 The law, which was embraced in both these chapters, was passed in a constitutional form, at one and the same general Assembly, to wit, the session of 1836. All laws passed at one session of parliament were.anciently strung together, making so many cas-pieria, or chapters, of one statute.
 
 Dwarris on statutes, 2.
 
 All the acts of one session of parliament, taken together, make properly but one statute
 
 ;
 
 and therefore when two sessions have been held iu one year, we usually mention Stat. 1, or Stat. 2, of the particular year of the reign of the then King. 1 Black. Com. 85, 86. Before the session of 1836, the portions of the two above mentioned chapters were contained in too
 
 statutes;
 
 because they became the law by force of two acts, passed at different sessions of the Legislature. But since the acts have all been revised, and re-enacted in a constitutional manner at one session of the Legislature, they are now but one statute, and were so when the defendant committed the offence charged in this bill of indictment. It is said, however, that the Legislature did not intend, that all the old acts of Assembly, which were revised and re-enacted at the session of 1836, should be considered as one statute. We have no evidence that the Legislature intended otherwise : certainly it has not expressed a contrary intention ; and, therefore, the rule which has prevailed for ages must still be adhered to by us.
 

 Secondly,
 
 It is said by the defendant’s counsel, that the offence, mentioned in the statute, is not described with sufficient certainty in this indictment. This objection is founded upon the indefiniteness of the phrase, “continually before and after that time,” but this phrase is modified by the subsequent words “during crop time,” so as to bring the of-fence within the description in the 3dth chapter. It is fur
 
 *509
 
 ther objected that in the 48th chapter the enactment applies only to planters, and that the indictment is defective in not having averred that the defendant was a planter; but to this, we think, it is properly replied that the 34th chapter applies the enactment to “ all” persons neglecting to keep up their fences during crop time.
 

 It is again objected, that the offence is not stated in the indictment to have been committed within the county of Edg-combe, where the defendant was tried. We think that the last of the words “then and there” sufficiently refers to the county of Edgecombe, mentioned in the caption.
 
 State
 
 v
 
 May,
 
 4 Dev. Rep. 328. All the objections which have been taken, are overruled, and this opinion will be certified, &c.
 

 Per Curiam. Ordered accordingly.