# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1855, AT NORTHAMPTON

#### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,       } Justices.
Hon. GEORGE T. BIGELOW,
Hon. BENJAMIN F. THOMAS,

---

## Commonwealth *vs.* Lewis B. Edwards.

A defendant in a criminal case, not capital, who has been furnished by the district attorney with a list of the witnesses sworn before the grand jury in his case, is not entitled, of right, to inspect the record of the list of all the witnesses sworn before the grand jury during the same term.

The provision of the Rev. Sts. c. 136, § 9, that a list of all witnesses sworn before the grand jury during the term shall be returned to the court, under the hand of the foreman, is directory merely; and a noncompliance therewith is no ground for quashing an indictment.

In this commonwealth, an indictment, which purports by its caption to have been found at a court of common pleas for the county of Hampshire, and in the body of which " the jurors for said commonwealth on their oath present," sufficiently shows that it was returned by the grand jury for the county of Hampshire.

In this commonwealth, an indictment which purports by its caption to have been found at a court of common pleas for the county of Hampshire, and charges an offence at a town named " in said county," alleges with sufficient certainty the place of the commission of the offence.

An indictment, which avers generally the defendant at a time and place named was a common seller of intoxicating liquors, is sufficient, without setting forth any particular sales, or any number of sales.

The *St.* of 1855, *c.* 215, concerning the manufacture and sale of spirituous and intoxicating liquors, by § 39 of which the *St.* of 1852, *c.* 322, on the same subject is expressly repealed, with a proviso that " this repeal shall not affect any prosecution already commenced, or which may be hereafter commenced, or any liabilities incurred, by virtue of any ex isting law," allows prosecutions to be commenced since the *St.* of 1855 took effect, for violations of the *St.* of 1852 while that statute was in force.

INDICTMENT on *St.* 1852, *c.* 322, § 12, in the following words : " Commonwealth of Massachusetts. Hampshire, ss. At the court of common pleas, begun and holden at Northampton, within and for the county of Hampshire, on the second Monday of June in the year of our Lord one thousand eight hundred and fifty five.

" The jurors for said commonwealth on their oath present, that Lewis B. Edwards of Northampton in said county, at said Northampton, on the first day of November in the year one thousand eight hundred and fifty four, and at said Northampton, from said last mentioned day to the eighteenth day of May in the year eighteen hundred and fifty five, without then and there having any license, appointment or authority therefor, first duly had and obtained according to law, was then and there a common seller of intoxicating liquors, the same not being cider then and there manufactured and sold for other purposes than that of a beverage, and the same not being the fruit of the vine, then and there sold and used for the commemoration of the Lord's Supper; against the peace of said commonwealth, and contrary to the form of the statute in such case made and pro-vided. A true bill.

"John Pomeroy, Foreman of the Grand Jury.

" I. F. Conkey, District Attorney."

At June term 1855 of the court of common pleas, held by *Byington,* J., upon the empanelling of the jury, the defendant informed the court that he had applied to the clerk to be per-mitted to inspect the records of the court, and more particularly,

the record of the list of all the witnesses sworn before the grand jury during the term at which this indictment was found, if any such list were filed of record, and had been refused inspection of the record of the list; and moved the court to be permitted to inspect the record of said list. But the court refused. The district attorney, before the court refused the inspection, offered to furnish the defendant with a list of the witnesses sworn in his case, but the defendant insisted upon inspecting the record.

The defendant then asked the court to inspect the records of the court, to ascertain if any such list, as required by law, of the witnesses sworn before the grand jury, had been returned and filed of record; and it was found that a list of the witnesses so sworn was filed of record, not under the hand of the foreman, but of the clerk of the grand jury.

The defendant then moved that the indictment be quashed and dismissed, for the following reasons:

"1st. Because the foreman of the grand jury has not returned to court, under his hand, a list of the witnesses who have been sworn before the grand jury during the term, and no such list has been filed of record by the clerk.

"2d. Because it does not appear that the persons who found said indictment were grand jurors, or jurors at all, for the county of Hampshire.

"3d. Because it does not sufficiently appear, in said indict·· ment, where the offence was committed.

"4th. Because no offence is set out in said indictment.

"5th. Because the law, on which said indictment is based, has been repealed."

The court overruled the motion, and the defendant, being found guilty, alleged exceptions. He also moved in arrest of judgment for the reasons set forth in his motion to quash; and, this motion being overruled, excepted to this ruling also.

*J. Wells,* for the defendant. 1. The records of the court are kept for the public convenience, and every citizen has a right to inspect them. And the defendant is especially entitled to know what witnesses were sworn against him before the grand jury

that he may know whether the indictment against him was found upon proper evidence; and his rights do not depend upon the good faith of the prosecuting officer. He is also entitled to know that a list of all the witnesses sworn before the grand jury during the term has been filed of record, under the hand of the foreman, as required by the Rev. Sts. *c.* 136, § 9. If these provisions of law, made for the defendant's benefit, are not shown to have been complied with, the indictment cannot be maintained. 2 Phil. Ev. (3d ed.) 174. 1 Greenl. Ev. §§ 471, 472. 2 Russell on Crimes, (7th Amer. ed.) 812. *Commonwealth* v. *Locke,* 14 Pick. 485. *Commonwealth* v. *Knapp,* 9 Pick. 498.

2. The indictment is defective, in not purporting to be found for the grand jurors for the county of Hampshire. 1 Archb. Crim. Pl. (Waterman's ed.) 76 *& seq. Clark* v. *State,* 1 Indiana, 253. *Tipton* v. *State,* Peck, 308. Indeed it does not show that the jurors who presented it were grand jurors at all.

3. The material allegation of being a common seller should have been accompanied by a definite allegation of the county where the offence was committed. *Thayer* v. *Commonwealth,* 12 Met. 9. *Commonwealth* v. *Springfield,* 7 Mass. 9. 3 Greenl. Ev. §§ 12, 143. 1 Archb. Crim. Pl. 85. The county is not laid, except in the caption; and the caption cannot be resorted to in aid of the indictment. *State* v. *Cook,* 1 Missouri, 547. *State* v. *Hopkins,* 7 Blackf. 494. *People* v. *Jewett,* 3 Wend. 319. *State* v. *Gilbert,* 13 Verm. 647. 1 Archb. Crim. Pl. 76.

4. The indictment charges no offence; for it does not allege that the defendant made three several sales of intoxicating liquor. *Commonwealth* v. *Giles,* 1 Gray, 468.

5. This indictment cannot be maintained, because it was found after the repeal of the statute on which it was based. The *St.* of 1852, *c.* 322, was repealed by the *St.* of 1855, *c.* 215, which provided different punishments for like offences, without specifically reserving the right to prosecute for offences already committed. *Nichols* v. *Squire,* 5 Pick. 168. *Commonwealth* v. *Kimball,* 21 Pick. 373. *Commonwealth* v. *Herrick,* 6 Cush. 465. Bouvier Law Dict. " Repeal." The only saving clause is in *St.* 1855, *c.* 215, § 39, which (after expressly repealing the *St.* of

1852, *c.* 322, and all other inconsistent acts) declares that " this repeal shall not affect any action or prosecution which has been already commenced, or which may be hereafter commenced, or any rights acquired or liabilities incurred, by virtue of any existing law, on account of any thing done before this repeal takes effect." This limits the express repealing clause only, and not the repeal by implication; its operation upon actions or prosecutions " hereafter commenced " should be limited to those commenced within the thirty days (prescribed by Rev. Sts. *c.* 2, § 5) preceding its taking effect; and it only saves liabilities incurred " by virtue of any existing law," that is, law existing at the time of the commencement of the prosecution.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

DEWEY, J. 1. This defendant had no particular interest in knowing who were sworn as witnesses before the grand jury, other than those who were thus sworn in his particular case. In capital cases, a list of the witnesses sworn before the grand jury in the particular case, is, under our practice, always furnished the prisoner. But we are not aware of any right to demand such list of witnesses in any other than a capital case.

Nor is it any objection that can be taken by the defendant, that there was an omission to comply with the provisions of the Rev. Sts. *c.* 136, § 9, requiring the foreman of the grand jury to return to the court a list, under his hand, of all witnesses who shall have been sworn before the grand jury during the term. Such provision is directory merely, and the omission to return such list, in the manner required by the statute, does not furnish any ground for quashing an indictment found and returned into court at the term when such omission occurred.

2. It is then insisted that this indictment is bad, because it does not appear that it was found and returned by the grand jury of the county of Hampshire. It is said that the name of the county is only alleged in the caption, and that the caption is no part of an indictment. In answer to this it may be replied, that in our practice every indictment has a caption attached to it, and returned by the grand jury as a part of their presentment in each particular case; and in this respect a caption, as used in

1 *

this commonwealth, differs essentially from that of other tribu-nals where the separate indictments are returned without any caption, and the caption is added by the clerk of the court, as a general caption embracing all the indictments found at the term.  We are of opinion, that, under our practice, it is suffi-cient that, in the caption returned by the grand jury in the par-ticular case, or by reference thereto, they describe themselves as grand jurors for the county of Hampshire ; and also that such indictment is in good and proper form where the grand jury are described, as in our ancient practice, as " jurors for the Common-wealth," and that it is not necessary that they be directly de-scribed as " grand jurors."  No other jurors than grand jurors being authorized by law to find and return bills of indictment, this indictment, under this long established form of description, must be taken to have been found by the grand jury.

3.  The name of the county being fully set forth in the caption thus returned as attached to the indictment, a reference thereto in the indictment, as " in said county," may properly be had, to find the county where the offence is alleged to have been com-mitted ; and being thus made certain, the place of the commis-sion of the offence is sufficiently charged.

4.  This indictment properly charges, in general terms, that the party was a common seller of intoxicating liquors, and in such case it is not necessary to set forth in the indictment any partic-ular acts of sale, or any number of sales.

5.  It is further contended that this indictment cannot be sus-tained, because it was found after the *St.* of 1852, *c.* 322, was repealed.  If such repeal had taken place without any sufficient saving clause as to liabilities previously incurred, the position taken by the defendant would be entirely sound.  But we think the true construction of the saving clause in *St.* 1855, *c.* 215, § 39, is much broader than that contended for by the defendant ; and that it is a saving of all prosecutions that may hereafter be com-menced, for any liabilities incurred before the repealing act took effect, by virtue of any laws existing at the time the offence was committed, and that the saving clause is not limited to prosecu-tions actually commenced before the *St.* of 1855, *c.* 215, took

effect, but embraces all cases of liability for offences against the provisions of *St.* 1852, *c.* 322, during its continuance in force as a law, which was up to the period when the *St.* of 1855, *c.* 215, went into operation.          *Exceptions overruled.*