THE STATE OF KANSAS, *Appellant* v. ADELBERT MUNTZ, *Appellee.*

| 3 | 383 |
|---|---|
| 57 | 704 |

| 3 | 383 |
|---|---|
| 72 | 612 |

## *Criminal Appeal from Riley County.*

On a motion to quash an indictment under the "Dram Shop Act" (Comp. L., 486,) for selling intoxicating liquor without license, it was *held:* 1st. An allegation that the offense was committed "at Ogden in the county of

Riley in a stone building, used and occupied by the defendant, as a grocery and dwelling house at the time of the sale," is a sufficient description of the place.

2d. An allegation "that the liquor was sold by the defendant to," &c., was a sufficient allegation of the price; and under it all necessary and relevant proof of the sale could be introduced. A "sale" implies a consideration.

3d. An allegation that the offense was committed "at Ogden in the county of Riley, aforesaid," following the caption that "the jurors of the grand jury of the county of Riley and state of Kansas, impanneled," &c., is a sufficient laying of the venue.

4th. The fourteenth section of the "Dram Shop Act" (Comp. L., 489,) does not confer exclusive jurisdiction upon justices of the peace to hear and determine cases arising under said act where the fine is less than $100; but was intended to provide a concurrent jurisdiction for summary punishment, with the jurisdiction conferred upon the District Court, (See section 297, "Crimes Act," Comp. L., p. 345,) and *held* that it was not necessary to allege in the indictment that the offense was a second offense finable more than $100.

5th. The indictment is sufficiently definite to sustain a conviction and judgment.

The facts sufficiently appear in the opinion of the court.

*A. L. Williams,* Dist. Att'y, for *Appellant.*

No counsel for appellee.

*Williams* submitted:

The court sustained the first and third grounds of the motion to quash; the latter ground for the somewhat novel reason that the indictment did not aver that there was but the one Riley county in Kansas, and that the court could not take judicial notice of that fact.

Were it not for the fact that some grounds of considerable importance are set forth in the motion to quash, this modern jurist—like his great prototype, the ancient Dogberry—would have been disappointed in his desire to be writ down an astute judge.

1st and 2d. The first and second grounds set forth have already been decided by the court. *The State* v. *Thompson and Thompson,* 2 *Kans. Rep.,* 432.

3d.   The venue is sufficiently laid.   After once referring to and mentioning the state and county in the body of the indictment a subsequent reference to the county of Riley is sufficient.

5th.   The fourth objection is based upon the third section of the "Dram Shop Act," and is a question of statutory construction.

In my opinion this section is intended to make it discretionary with the prosecuting officer to prosecute a second offense before a magistrate, and recover no more than for a first offense, or before a District Court by indictment, and recover no less than five hundred dollars.

Even if the construction given by the court to the section taken by itself is correct, section 297 of the "Crimes Act" makes the offense indictable.

*By the Court*, SAFFORD, J.

The defendant was indicted in the county of Riley, under the provisions of the so-called "Dram Shop Act," the charge being, selling liquors without a license.   The body of the indictment reads as follows: "The jurors of the grand jury of the county of Riley and state of Kansas impanneled, sworn and charged to inquire of offenses committed within the said county of Riley in the said state of Kansas, in the name and by the authority of the state of Kansas, upon their oaths do present and find that Adelbert Muntz, at Ogden in the county of Riley, aforesaid, on the 27th day of August, A. D. 1863, in the possession of him the said Adelbert Muntz, then situate, to-wit: in a certain stone building, then and there used and occupied by the said Adelbert Muntz as a grocery and dwelling house, did sell to one Geo. C. Bisbee, then and there being, spirituous and intoxicating liquors," &c.   The defendant moved to quash the indictment for the following reasons, to-wit: 1st. There is no sufficient description of the place where the liquor was sold.   2d. There is no suf-

ficient allegation of a sale, to-wit: no price alleged.  3d.
No sufficient venue.  4th. That the grand jury had no
legal authority to inquire into the offense charged.  5th.
The indictment is indefinite and uncertain as to the offense
charged.  The court below sustained the motion and
quashed the indictment.

The record failed to show upon what specific ground such
action was based, and it therefore becomes necessary to
notice all the grounds set up in the motion, and first as to
the description of the place where the liquor was sold.
The substance of the allegations in this regard is that the
offense was committed at Ogden in the county of Riley,
in a stone building used and occupied by the defendant as
a grocery and dwelling house at the time of the sale.  It
seems to us that this description is sufficiently explicit to
identify the place where the sale was made, beyond a
doubt.  Indeed it would hardly be possible that a mistake
could occur in this respect, if these allegations were sus-
tained by the proof.  Such certainly is all that the law
requires, and therefore we have no hesitation in holding
that the court erred in sustaining the motion to quash upon
the first ground.

2d.  The second objection is that the indictment alleged
no price at which the liquor was sold.  The allegation is,
that the liquor was sold by the defendant, &c., and under
it all necessary and relevant proof in regard to the sale
could be introduced.  A sale of necessity, implies a consid-
eration or price.  What need then to state the price as an
independent proposition?  In our opinion neither reason
nor authority will require it.

3d.  As to the venue, the objection here is that the in-
dictment does not allege that the offense was committed
in the state of Kansas.  This has no foundation in fact, as
will appear at a glance.  In the body of the indictment
the venue is explicitly stated, both county and state being
set out.  Such being the case, a subsequent reference to

the place, as "at Ogden in the county of Riley, aforesaid," is sufficient.

4th. In support of this ground of objection it is claimed by the defendant's counsel, that, as the indictment does not show on its face that the prosecution was for a second offense, the District Court could have no jurisdiction, such cases being cognizable by justices of the peace under the provisions of the act referred to, and therefore it was incompetent for the grand jury to make the presentment. It is true that the 14th section of the "Dram Shop Act" confers upon justices of the peace the authority to hear and determine cases arising under the provisions of the preceding sections, or they may bind over to the District Court, the only limit being as to the amount of the fine they can impose on a defendant. But it will be observed that the jurisdiction thus conferred upon justices, is not exclusive in terms, nor are there any words used in any section of the act which would seem to require any such construction. On the contrary, it was the evident intention of the legislature to provide a summary mode of punishment for offenses under the act, by inserting the 14th section. This mode could be adopted by the prosecutor or he could proceed—as he might have done had this 14th section never been passed—by indictment in the District Court. But if there were any doubt of the correctness of this position the provisions of section 297 of the "Crimes Act," apply to cases of this nature and would justify this presentment by the grand jury.

Section 297 : " Whenever a fine, penalty or forfeiture is or may be inflicted by any statute of this " territory for any offense, the same may be recovered by indictment (except as in the next section provided,) notwithstanding another or different remedy for the recovery of the same may be specified in the act imposing the fine, penalty or forfeiture. Provided that in all cases, the fine, penalty or forfeiture shall go to the territory, county, corporation,

person or persons, to whom the act imposing the same de-clares it shall accrue."

The exception has reference to assaults and batteries.

The language of this section is plain and unmistakable, and we think comment is unnecessary.

5th.   In regard to the fifth objection we will only remark that the indictment when tested by the rules laid down in our Criminal Code, is sufficient to sustain a conviction and judgment thereon.

The judgment of the District Court is reversed and cause remanded for further proceedings.

All the justices concurring.