State vs. Hunn.

| 34 | 321 |
| 55 | 560 |

## STATE VS. HUNN.

1. INDICTMENT: *Venue.*
  When the name of the county appears in the caption, and is referred to in the body of an indictment in laying the venue, it is sufficient.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL, Judge.

*Attorney General,* for appellant.


ENGLISH, C. J.   At the May term of the circuit court of Jefferson county, 1879, H. H. Hunn was indicted for gaming, as follows:

"STATE OF ARKANSAS,
    vs.                } Indictment.
    H. H. Hunn.

"JEFFERSON COUNTY CIRCUIT COURT,
        Spring Term, A. D. 1879.

"The grand jury of *Gaming* county, in the name and by the authority of the state of Arkansas, accuse H. H. Hunn of the crime of gaming, committed as follows, to-wit: The said H. H. Hunn, *in the county and state aforesaid,* on, etc., did, then and there, unlawfully bet ten cents in money on a check, or chip, of the estimated, or representative, value of ten cents in money, on a certain unlawful game at cards then and there being played with cards, as aforesaid, which said game so played, as aforesaid, is commonly called whist, contrary to the statute," etc., etc.

The defendant demurred to the indictment, on the ground that the offense charged was a misdemeanor, and not within the jurisdiction of the court.

The court overruled the demurrer.

Afterwards, on another day of the same term, by leave of the court, the defendant entered a demurrer in short to the indictment, which the court sustained, and discharged the defendant, and the state appealed.

If the court, in sustaining the second demurrer to the indictment, meant to reverse its judgment in overruling the

first demurrer, and to hold that it had no jurisdiction of the offense, it was an error.   *State v. Devers, ante.*

The word "*Gaming*," in place of Jefferson, preceding the word "county," in the commencement of the indictment, is so plainly a clerical misprision in drafting the indictment, that we can hardly think his honor, the circuit judge, held the indictment bad on that account.

The name of the county—Jefferson—in the caption, and the reference to it in the body of the indictment, in laying the venue, was sufficient.   *Thetstone v. State, 32 Ark., 179.*

Reversed and remanded for further proceedings.