Filed February 18, 1896.

---

No. 17,614.

## RIVERS v. THE STATE.

BILL OF EXCEPTIONS.—*Filing.*—*Statement in Record.*—A bill of exceptions forms no part of the record, where there is no statement in the transcript that it was ever filed in the office of the clerk of the trial court.

APPELLATE PROCEDURE. — *Continuance.* — *Bill of Exceptions.* — Alleged error in refusing a continuance will not be considered on appeal, where the bill of exceptions is not properly in the record.

CRIMINAL LAW. — *Affidavit and Information.* — *Quashing.*— *Title of Cause.*—*Name of Court.*—An irregularity in an information in failing to give the title of the cause and the name of the court, as required by section 1800, R. S. 1894, is not fatal, under section 1825, providing that no information shall be set aside for mistake in the name of the court or county in the title, or any other defect which does not tend to prejudice defendant's substantial rights upon the merits.

SAME.—*Affiadvit, Sufficiency Of.*—*Crime, Where Committed.*—An affidavit in the caption of which a given county and State are named, which refers to the "county and State aforesaid," and charges that defendant did "then and there, at and in said county," commit a given crime, sufficiently charges that the crime was committed in such county.

From the Greene Circuit Court.

*J. E. Lamb* and *J. T. Beasley*, for appellant.

*W. A. Ketcham*, Attorney-General, for State.

McCABE, J.—The appellant was prosecuted by

Rivers *v.* The State.

affidavit and information charging him in the first count thereof with burglary and in the second grand larceny.

On motion the State was compelled to elect on which count she would prosecute, and it elected to proceed under the second. No reason has been suggested for this order, nor have we discovered any.

The appellant pleaded not guilty. A trial of the issue thus formed resulted in a verdict of guilty of grand larceny and fixing the punishment at ten years imprisonment in the State's prison, a fine of $1,000 and disfranchisement for ten years. The court rendered judgment against defendant on the verdict over his motion for a new trial.

The error assigned calls in question the ruling refusing a new trial and the sufficiency of the facts stated in the second count of the affidavit and information to constitute a public offense.

The only ground relied on in the motion for a new trial is the overruling of appellant's motion for a continuance. But there is no showing in the transcript anywhere that appellant's bill of exceptions was ever filed in the office of the clerk of the trial court without which it is no part of the record. *Armstrong* v. *Dunn,* 143 Ind. 433; *Stewart* v. *White,* 113 Ind. 505; *Drake* v. *State,* (Ind.) 41 N. E. R. 799; *Smith* v. *State,* 143 Ind. 685.

Therefore no question is presented as to the ruling refusing a continuance.

The second count in the affidavit and information is as follows:

STATE OF INDIANA, } *ss.*
  GREENE COUNTY.

    Oscar W. Shryer says that Charles Rivers, J. H.

Dowell, Jack Wade, et al., late of the county aforesaid, on or about the 3d day of October, A. D. 1894, did then and there, at and in said county, unlawfully and feloniously take, steal and carry away four thousand dollars in money, and then and there of the value of four thousand dollars, and being then and there the personal goods and property of Marcus H. Shryer and Oscar W. Shryer, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The first objection is that the affidavit and information do not contain the title of the cause and the name of the court as required by the criminal code. R. S. 1894, section 1800, (R. S. 1891, section 1731).

That is required by the section cited, but section 1825, R. S. 1894, (R. S. 1881, section 1756), provides that: "No indictment or information shall be deemed invalid, nor shall the same be set aside or quashed, * * * or in any manner affected, for any of the following defects:

"First. For mistake in the name of the court or county in the title thereof. * * * .

"Tenth. For any other defect of imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The defects mentioned fall within the purview of the provision last quoted and are cured thereby. It is next objected that in the body of the affidavit it is not charged that the offense was committed in Greene county. But in the caption of the affidavit that county and the State of Indiana are named. The charging part of the affidavit refers to the "county and State aforesaid" and then charges that appellant "did then and there at and in said county unlawfully, etc." That makes it clear that the crime is

charged to have been committed in Greene county, Indiana.

It has been held by this court that when the name of the State and county are stated in the title of an indictment references afterwards made to "said county" will indicate a county in this State. *Long* v. *State*, 56 Ind. 133; *Anderson* v. *State*, 104 Ind. 467.

Besides there are many defects in criminal charges that are cured by the verdict. *Sturm* v. *State*, 74 Ind. 278; *Billings* v. *State*, 107 Ind. 54.

The objections urged to the affidavit and information cannot be sustained under the statute aside from the question that they were not taken until after verdict.

The judgment must be and is affirmed.

Filed February 18, 1896.