[Crim. No. 8.   Second Appellate District.—December 29, 1905.]

THE PEOPLE, Respondent, v. JOHN SALAS, Appellant.

CRIMINAL LAW—INEFFECTUAL APPEAL FROM ORDER.—An appeal from an order denying a new trial to a defendant convicted of crime, the notice of appeal from which was served upon the district attorney more than sixty days after the order was entered, is ineffectual.

ID.—ROBBERY—EVIDENCE—INTERPRETER FOR PROSECUTING WITNESS.— Upon a trial for robbery, where the prosecuting witness was an Indian, not well acquainted with the English language but who understood some Spanish, which was used in talking with the defendant upon the occasion of the robbery, it was not an abuse of discretion to permit the witness to testify through an Indian interpreter, who was a resident of the county.

ID.—EVIDENCE OF PROSTITUTE—ACQUAINTANCE WITH DEFENDANT—EX-
HIBITION OF MONEY AFTER ROBBERY.—A witness for the prosecu-
tion, though she appears to be a prostitute, was properly permitted
to testify to the length of time she had known the defendant, in
connection with her testimony as to his identity and visit to her
shortly after the robbery when he showed her money of the kind
and character taken from the prosecuting witness.

ID.—ARGUMENT OF DISTRICT ATTORNEY—PERJURY OF DEFENDANT—
INFERENCE FROM TESTIMONY.—The district attorney was within
the lines of legitimate argument in asserting that the defendant
had added perjury to his other crimes when such conclusion
was a fair inference from the testimony properly before the court.

ID.—IMPROPER COMMENT UPON PUNISHMENT—CORRECTION BY COURT.—
A comment by the district attorney in his argument upon the
character and extent of the punishment which the court, under the
law, might inflict, though not to be commended, is not ground
of reversal, where the court corrected the abuse by advising the
jury that with the matter of punishment they had nothing to do
and that it was for the court alone to determine that question.

APPEAL from a judgment of the Superior Court of San
Bernardino County, and from an order denying a new trial.
Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Frank Prescott, and Prescott & Morris, for Appellant.

U. S. Webb, Attorney General, and J. C. Daly, Deputy At-
torney General, for Respondent.

ALLEN, J.—Defendant was found guilty of larceny from
the person of another on November 7, 1904. His motion for
a new trial was denied, and on the same day judgment was
made and entered by which he was sentenced to the state
prison for three and one-half years. On January 11, 1905,
notice of appeal from the judgment and order denying a new
trial was filed in the office of the clerk of the court, but
was not served upon the adverse party or his attorney, or
any other person, except it be said that the service by the
clerk of the printed transcript containing such notice of ap-
peal, which was served upon the district attorney on January
19, 1905, is such service. Conceding, without deciding, that
the service of such transcript and the acknowledgment of the

district attorney of its receipt were the equivalent of a notice of appeal, more than sixty days having elapsed, however, before even this notice was served, the same was ineffectual under any view as an appeal from the order denying a new trial. Treating the appeal from the judgment as perfected, we have examined all orders and rulings involving the merits, or which may have affected the judgment.

Appellant contends that prejudicial error is shown throughout the rulings of the court in permitting the district attorney to lead the prosecuting witness. None of these questions objected to are subject to the criticism made; nor is there any merit in the claim that irrelevant matter was introduced and received in evidence.

It is further insisted that the court erred in permitting an interpreter. It was shown that, while the witness understood some of the language addressed to him in English, he could not understand it all. The witness was an Indian, who had, through association with Spanish companions, acquired a slight knowledge of that language, and which was used in his conversation with the defendant upon the occasion of the robbery. The interpretation was through an Indian interpreter. The court was warranted, under section 1884 of the Code of Civil Procedure, in permitting an interpreter, a resident of the county; the propriety of calling an interpreter, and the fitness of the person so called, are matters for the trial court. (*People* v. *Ramirez,* 56 Cal. 535, [38 Am. Rep. 73].) No abuse of discretion appears.

The objection to interrogating a witness as to the length of time she had known the defendant was not improper, even though it should appear that she was a prostitute. It was permissible to show her acquaintance and knowledge of the defendant in connection with her statement as to his identity and visit to her shortly after the robbery, when money of the kind and character taken from the prosecuting witness was shown her.

The district attorney was within the lines of legitimate argument when he made an assertion that defendant had added perjury to his other crimes, when such conclusion was a fair inference from the testimony properly before the court. There is a marked distinction between such statements made in argument, when discussing legitimate testimony, and in an at-

tempt to prove another crime for the purpose of prejudicing the defendant before the jury.

The conduct of the district attorney in commenting during the argument upon the character and extent of punishment which, under the law, the court might inflict, is not to be commended. It would be doing violence to the intelligence of this jury to say that under the evidence in this case such statements had any weight in influencing their minds. The court, when its attention was called to it, advised the jury that with such punishment they had nothing to do, and that it was for the court alone to determine that question. This admonition of the court was in the nature of a correction of the abuse, and in line with the suggestion of the supreme court in *People v. Kramer*, 117 Cal. 647, [49 Pac. 842].

From the whole record presented in this case, it would be unfair to reverse a judgment so obviously correct upon so slight a pretext.

Judgment affirmed.

Gray, P. J., and Smith, J., concurred.