[Crim. No. 57.    Third Appellate District.—February 28, 1908.]

## THE PEOPLE, Respondent, v. ROSS S. THOMPSON, Appellant.

CRIMINAL LAW—INFORMATION—TITLE OF CAUSE—CERTAINTY OF VENUE—CLERICAL MISPRISION.—Since an information is required by law to contain the title of the cause and the court in which it is filed, and must show the name of the superior court of the proper county, an information charging the commission of the offense by the defendant on a specified date "at said county of ———," shows a clerical misprision in omitting to repeat the name of the county in such blank, which may be disregarded, and in the use of the words in the charging part, "at said county," reference may be had to the name of the county in the title in construing the averment of venue, which may be deemed sufficiently certain. .

ID.—DEFECTS IN FORM, WHEN DISREGARDED.—Defects or imperfections in form in informations or indictments, having no tendency to prejudice the accused or to deprive him of his substantial rights, ought to be disregarded.

APPEAL from a judgment of the Superior Court of Tuolumne County.    G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. B. Curtin, and R. J. White, for Appellant.

U. S. Webb, Attorney General, and Geo. Beebe, Deputy Attorney General, for Respondent.

HART, J.—The appellant was accused by information of the crime of assault with intent to commit rape, and upon his trial in the superior court of Tuolumne county was convicted of an assault.

This appeal is taken from the judgment upon the judgment-roll alone.

The only point made by the appellant is that the averments of the information fail to bring the case within the jurisdiction of the superior court of Tuolumne county, in that it is not specifically alleged in the charging part thereof that said alleged crime was committed in said county. In other words, the claim is that the information does not affirmatively show the venue, for which reason, it is contended, the court did not acquire or have jurisdiction to try the appellant for the offense charged in the information.

The information, including the caption, which states the title of the court and cause, reads as follows: "In the Superior Court of the County of Tuolumne, State of California. The People, Plaintiff, vs. Ross S. Thompson, Defendant. Information for Assault with Intent to Commit Rape. Ross S. Thompson, accused by the District Attorney of the said County by this Information of the crime of assault with intent to commit rape, committed as follows: The said Ross S. Thompson, on the 10th day of July, one thousand nine hundred and seven, at the said County of ———— and before the filing of this information did then and there wilfully, unlawfully and feloniously in and upon one E. W., a female over the age of sixteen years, and not the wife of said Ross S. Thompson, make an assault with intent then and there, to ravish, carnally know and to commit rape upon the said E. W. by force and violence and against her will and against her resistance, contrary," etc.

Section 951 of the Penal Code provides that the indictment or information shall contain, among other things, the title of the cause and of the court in which the indictment or information is filed.

The charging part of the information here does not, it is to be seen, specifically mention "Tuolumne county," where the cause was tried, and the only language in that part of said information indicating the county in which the offense was

committed is to be found in the words "said county of
————" and the words "then and there."

It is evident that the failure to insert in the information
the name of the county in the blank space immediately fol-
lowing the words "said county of" involves purely a cleri-
cal misprision, and, while it is true, as contended by counsel
for appellant, that the caption of an information or indict-
ment is no part of the same, viewed solely *as a pleading,*
it is nevertheless required by the statute to be made part of
the document or instrument which constitutes such informa-
tion or indictment; and, we think, that for the purpose of
determining the question of venue, as to which the body
of the pleading is silent so far as a direct allegation is con-
cerned, the averment in the information or indictment that
the crime was committed in "*said* county of ————" should
and may reasonably be construed to refer to the county men-
tioned in the caption as the name or title of the court, and,
so construing it, the venue is sufficiently established in the
accusatory pleading to invest the court with jurisdiction of
the offense and of the person of the accused. Such has been
the construction given indictments and informations similarly
phrased by the appellate courts of many other states, and
in none of the California cases cited by appellant have we
been able to find language expressing an opinion in conflict
with this conclusion.

In *People* v. *O'Neil,* 48 Cal. 259, the charging part of the
indictment does not contain the words "said county" or
"county aforesaid" or words of similar import. The same is
likewise true of the case of *People* v. *Craig,* 59 Cal. 370.
There it was charged that the defendant "did willfully and
unlawfully resist, delay and obstruct" a certain public of-
ficer, to wit, "a duly elected, qualified and acting constable of
Pajaro Township, of the County of Monterey, of the State
of California," in the discharge of his duty as such officer.
While the name of the county—assuming that Monterey
county was where the offense was committed—in which the
alleged offense was committed is mentioned in the informa-
tion as a part only of the description of the officer's official
character and authority, there is no direct averment that
the crime was committed in that county, nor are there else-
where in the information any words or language which could
be so construed as to fix the venue. In fact, there does not

appear to be any attempt to allege the venue in the information. The case of *People* v. *Wong Wang,* 92 Cal. 281, [28 Pac. 270], contains nothing at variance with the views expressed here. The facts of that case are different from those here. It is said, among other things, in that case that "it is a familiar and well-settled principle of law that the indictment must allege that the offense was committed within the jurisdiction of the court." No one would have the hardihood to attempt to dispute that elementary principle of law. And its violation in the case at bar, as we have before said, is not attempted. The statute, as we have seen, authorizes and requires the title of the court to be stated or set forth in the caption, and, although, as we have said, such caption is. no part of the pleading proper, it is nevertheless to be considered, if necessary, in arriving at the meaning of the words of reference, "said county," in the charging part of the information, for the purpose of determining the question of venue.

We have been referred to no case in this state which has decided the precise question here; but, as before suggested, many cases directly in point can be found in other jurisdictions, among which may be mentioned the following: *State* v. *Hunn,* 34 Ark. 321; *United States* v. *Schneider,* 21 D. C. 381; *Rivers* v. *State,* 144 Ind. 16, [42 N. E. 1021]; *State* v. *Muntz,* 3 Kan. 383; *Anderson* v. *State,* 104 Ind. 467, [4 N. E. 63, 5 N. E. 711]; *Wright* v. *Commonwealth,* 82 Va. 183; *State* v. *Bell,* 25 N. C. 506; *State* v. *Shull,* 40 Tenn. 42; *Commonwealth* v. *Edwards,* 70 Mass. (4 Gray) 1. In the case of *State* v. *S. A. L.,* 77 Wis. 467, [46 N. E. 498], the name of the county in which it was claimed the offense was committed appeared in the information only as indicating the county of which the district attorney was the prosecuting officer, as follows (after the caption): "I, J. L. E., District Attorney for Dane County, hereby inform the court," etc. The charging part of the information did not after the language quoted contain the words "said county" or "aforesaid county," but did allege that the defendant "then and there" committed the crime charged. The Wisconsin supreme court held that the words "then and there" had reference to the county named in the caption, and also mentioned in the first part of the information for the purpose of indicating the county of which the accusing officer was

district attorney, and that, therefore, the venue was sufficiently laid in the information. We quote from the opinion in that case: "... But in the second place, where the words are used that 'M. C. did then and there have carnal knowledge of her body,' they must necessarily refer to Dane county, which is previously mentioned or described. This is the plain, natural meaning and sense of the language used. The words 'then and there,' as used in the indictment, are words of reference, and when time and place have once been named with certainty, it is sufficient to refer to them afterward by these words; and they have the same effect as if the time and place were actually repeated''; citing Wharton's Criminal Law, 74. Of course, if adding the caption to the information or indictment were the mere work of the clerk of the court, without any authorization or requirement of the statute to do so, a different question might be presented; but, as observed, section 951 of the Penal Code prescribes the form of an indictment and of an information by setting out such form, and among the requisites as to form thus set out is the caption setting forth the title of the court and cause. We are not to be understood as holding that an information or indictment, otherwise sufficient, would be fatally defective if the caption were omitted. All we hold is, that the caption containing the title of the court and cause, being expressly authorized by the code, when referred to by appropriate words in the charging part of the indictment or information, has the effect, where the charging part thereof fails or omits to specifically allege the county, or fails to allege in some direct manner the venue, of sufficiently laying the venue to give the court jurisdiction to try the accused. "The name of the county being fully set forth in the caption thus returned as attached to the indictment," says the Massachusetts supreme court—*Commonweatlh* v. *Edwards,* 4 Gray, 1—"a reference thereto in the indictment, as 'in said county,' may properly be had, to find the county where the offense is alleged to have been committed; and being thus made certain, the place of the commission of the offense is sufficiently charged."

We can conceive no reason upon principle why the rule as laid down in all the authorities cited herein is not sound and should not be sustained. Defects or imperfections in form in informations or indictments having no tendency to preju-

dice the accused, or to deprive him of any of his substantial rights, ought to be disregarded, and it seems to be the trend of modern decisions to disregard them. Form is now, and for many years has been, subordinated to substance in pleadings and practice in civil cases, and the same practice ought to be, and can be, with equal reason made applicable to indictments and informations and other proceedings in criminal cases, without impinging in the least upon the important and material rights of an accused. The legislature of California has wisely recognized the justice of relaxing to some extent the strictness with which the rules as to form with reference to indictments and informations were formerly administered and enforced, by the enactment of section 1404 of the Penal Code, which reads: "Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

Of course, the offense should be alleged with reasonable certainty, as should also the fact or facts essential to give the court jurisdiction to try the accused under the information or indictment filed or found against him.

We may, however, with propriety, suggest to district attorneys that it is well to bear in mind that it is far the better and safer practice to allege the venue with unquestionable certainty and directness. The venue, it seems to us, ought to be the least of the difficulties in the way of a proper preparation of an indictment or information.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.