[Crim. No. 56. Third Appellate District.—April 17, 1908.]

## THE PEOPLE, Respondent, v. WILLIAM M. AMER, Appellant.

CRIMINAL LAW—MOTION TO ARREST JUDGMENT—ORDER NOT APPEALABLE.—No appeal lies from an order denying a motion in arrest of judgment; and an appeal taken therefrom must be disregarded.

ID.—REVIEW OF MISCONDUCT OF DISTRICT ATTORNEY.—The misconduct of the district attorney, apart from any error of the court in relation thereto, is not a statutory ground for a motion for new trial; neither can it be reviewed, in the absence of such error, on appeal from the judgment.

ID.—IMPROPER REMARKS AS TO FAILURE OF DEFENDANT TO TESTIFY—INSTRUCTIONS BY COURT—PRESUMPTION.—Improper remarks of the

district attorney as to the failure of the defendant to testify cannot be deemed ground for reversal, where the court immediately instructed the jury to disregard such remarks, and stated the law applicable to that subject. It must be presumed, in such case, that the jury regarded the instructions of the court where the contrary does not appear.

ID.—DUTY OF DEFENDANT'S COUNSEL.—Where defendant's counsel deem the action or remarks of the district attorney prejudicial to the defendant, the defendant cannot avail himself of error therein otherwise than by his counsel calling the attention of the court thereto and requesting an instruction to disregard the same; and if the court fails to give proper relief, its ruling may be reviewed upon a bill of exceptions.

ID.—MISCONDUCT NOT PREJUDICIAL—CONCLUSIVE EVIDENCE OF GUILT.— The alleged misconduct of the defendant could not be prejudicial to the defendant, where the evidence disclosed in the record appears to be conclusive of the guilt of the defendant of the crime of embezzlement charged against him.

ID.—INFORMATION AGAINST COUNTY TREASURER FOR EMBEZZLEMENT— VENUE OF OFFENSE.—An information for embezzlement, which charges that in a specified month of a certain year defendant was the duly elected, qualified, and acting county treasurer of the county of the venue named, and as such county treasurer the said defendant *then and there* had in his possession public funds of said county named, which he had received as such county treasurer for the use and benefit of *said* county, and did *then and there* fraudulently appropriate such money, etc., does not leave the venue of the offense in doubt.

APPEAL from a judgment of the Superior Court of Madera County. Wm. M. Conley, Judge.

The facts are stated in the opinion of the court.

Lewis H. Smith, F. G. Ostrander, Raleigh E. Rhodes, and Geo. G. Goucher, for Appellant.

U. S. Webb, Attorney General, and J. Chas. Jones, for Respondent.

BURNETT, J.—Defendant was convicted of the crime of embezzlement. He has appealed from the judgment, and there is also an attempted appeal from the order denying defendant's motion in arrest of judgment. This latter must

be disregarded. (*People* v. *Cadot*, 138 Cal. 527, [71 Pac. 649].)

Appellant seems to rely mainly upon the affirmation of error committed by virtue of certain remarks of the district attorney in his address to the jury. Among these is the statement that "The court will instruct you that the defendant does not have to take the stand—that you were told when you were examined touching your qualifications as jurors in the case—he does not have to do it, but, gentlemen of the jury, if he wants to exercise that right with which the constitution clothes him and extends to him—if he says I will take chances on this proposition and I will not take the stand—perhaps because of the embarrassing situation I will be placed in and the questions that will be propounded to me—if he deems it proper to take that chance, why, then, that is his own business"; and again, "And the court will instruct you that the defendant under the law does not have to take the stand; but it seems to me if you were confronted with the same evidence, and if you were innocent, why a reasonable man would certainly seek to explain it." The court immediately instructed the jury as follows: "Gentlemen of the jury, you are to disregard the statement made by the district attorney; the defendant is not required to take the stand under any circumstances, nor is he ever required to go upon the stand and make any explanation and you will consider this case as if the statement had not been made." The instruction of the court was given in view of section 1323 of the Penal Code, providing that "A defendant in a criminal proceeding or action cannot be compelled to be a witness against himself. . . . His neglect or refusal to be a witness cannot in any manner prejudice him nor be used against him on the trial or proceeding."

This alleged misconduct of the district attorney was urged strongly by defendant as a reason why a new trial should be given him, and his motion to that effect was granted by the trial court, but the order was afterward reversed by the supreme court. (*People* v. *Amer*, 151 Cal. 303, [90 Pac. 698].) In the discussion of the question it is said by the court, through Mr. Justice Angellotti: "It appears very clear to us that mere misconduct of the district attorney is not included within any of the statutory grounds upon which a

trial court may grant a motion for a new trial. We are brought somewhat reluctantly to this conclusion, in view of the apparently well-settled doctrine in this state that the appellate court will order a new trial on account of such misconduct, where it is prejudicial to the rights of a defendant, and as long as this rule obtains, it is obviously preferable that the trial court should have the power to entertain a motion on this ground. But that such a ground can avail in support of the statutory motion for a new trial can by no means be held to be settled by the decisions, and such a conclusion would be so opposed to the plain terms of the statute that we cannot assent to it''; and in suggesting a redress that might be open to defendant for such misconduct it is declared: ''In view of the fact that the misconduct of the district attorney has so often been held to constitute a sufficient ground for reversal of the judgment, it may be that it has become a settled rule that the question of the misconduct of the district attorney will be considered upon an appeal from the judgment when presented by a proper record and the points saved for review by exception.''

But it is clear that there is no authority whatever in the statute for holding that such misconduct of the district attorney, aside from any ruling of the court in reference thereto, can be properly reviewed on appeal from the judgment unless it is a ground for a motion for a new trial. As said in the dissenting opinion of Mr. Justice McFarland, *supra:* ''The judgment would not show any erroneous rulings or action by the court; and on such appeal the judgment could be reversed only on the general ground that a verdict founded in whole or in part upon the effect of a violation of the law by the district attorney would be a verdict contrary to law,'' but, as declared by him, this is one of the grounds for a new trial, and ''if a verdict founded upon the misconduct of the district attorney is not a verdict contrary to law, then it cannot be touched either on appeal from the judgment or on motion for a new trial.'' If any other rule has been established, it must be by virtue of judicial legislation, as there is no statutory warrant for it. Section 1259 of the Penal Code provides what may be reviewed upon an appeal from the judgment, as follows: ''Upon an appeal taken by the defendant from a judgment the court may review any inter-

mediate order or ruling involving the merits, or which may have affected the judgment.''

In *People* v. *Keyser*, 53 Cal. 184, it is said: ''The defendant may appeal from the judgment, without having made a motion for a new trial; and on appeal he may rely upon any of the grounds of exception mentioned in section 1170 of the Penal Code, and in such case he must have a bill of exceptions settled as provided in section 1171.'' It is obvious that said section 1170 does not apply here, as no complaint is made as to the action of the court in reference to said misconduct of the district attorney. In fact, the trial judge was prompt and active in a commendable endeavor to remove from the minds of the jury any prejudicial effect of said comments.

It may be presumed that the legislature intended to leave the matter to the discretion of the trial judge, knowing that his powers are ample to control the conduct of the officers of the court. It is at least unwarrantable to hold that the provisions of the statute contemplate that the correction of the error cannot be reached on motion for a new trial, but must await the more remote action of the appellate court on appeal from the judgment.

But conceding that the question can be reviewed, it does not follow that every allusion on the part of the district attorney to the subject constitutes prejudicial error. Indeed, the statute does not expressly interdict any reference to the defendant's failure to testify, but declares that the circumstance shall not prejudice or be ''used'' against him. It is difficult to understand how a mere reference to or comment upon a fact known to the jury made by the district attorney can be considered prejudicial to the substantial rights of the defendant. That would be attaching a peculiar magic to the words of said official, which they ordinarily do not possess.

But admitting that it is error for the district attorney to comment upon the circumstance, notwithstanding it is within the knowledge of the jury, and it is referred to by defendant's counsel and the judge of the court, it is clear in the case at bar that the error was without prejudice. This follows from the nature of the evidence against defendant. We shall not review it, but deem it sufficient to say that it is inconceivable that any honest jury could have found any other verdict in the absence of any dereliction on the part of the

district attorney. His objectionable remarks, in other words, could not have been considered nor used by the jury to the prejudice of the defendant. The rule is stated in Encyclopedia of Pleading and Practice, volume 2, page 725, as follows: "In any case it seems that a new trial will not be granted when the evidence so conclusively shows the defendant's guilt that the jury could not have returned a verdict in his favor without willfully disregarding their duty."

To the same effect in *People* v. *McRoberts,* 1 Cal. App. 28, [81 Pac. 735], it is said: "In the present case the homicide was admitted, and the evidence was such as to make it reasonably certain that the jury was not led by the misconduct of the district attorney to return a verdict which they otherwise would not have found." The same rule is announced in *People* v. *Salas,* 2 Cal. App. 540, [84 Pac. 295]; *State* v. *Ahern,* 54 Minn. 196, [55 N. W. 959].

But, as we have already seen, the court promptly instructed the jurors as to their duty in the premises, and we must presume that they acted accordingly. There is much force in Mr. Justice Shaw's statement in the concurring opinion in *People* v. *Bradbury,* 151 Cal. 675, 679, [91 Pac. 497], that "The language of the opinions in some of the previous decisions of this court goes too far in support of the theory that there is some sort of a presumption that the misconduct of a district attorney will prevail with the jury and influence them in the face of the positive instructions of the court that they must not consider the instructions thus improperly made. The presumption should always be that a jury has obeyed the instructions of the court, and unless the contrary is shown by the record, that presumption should prevail in the appellate court." (See, also, *People* v. *Hoch,* 150 N. Y. 293, [44 N. E. 976]; *Blume* v. *State,* 154 Ind. 356, [56 N. E. 771].)

Appellant also complains of a statement made by the district attorney in reference to witness Crow. In reply to an attack upon said witness by appellant's counsel, the district attorney said: "Now, then, as to Mr. Herman Crow, Mr. Crow has always held a position of respect in this community. I have known the gentleman for a number of years and I have always heard him well spoken of. I never have heard anything against him except that which was uttered by the attorneys in this case." If the defendant was dis-

satisfied with said comment, he should have requested the court to instruct the jury to disregard it. He contented himself, however, with a simple objection to the remark, and the language of the court in *People* v. *Ye Foo,* 4 Cal. App. 730, [89 Pac. 450], is applicable here: "The court was not asked to strike out the objectionable remark, nor does it appear that the court ruled upon an exception. It is but fair to require defendant's attorney, in case of objectionable remarks by the district attorney, to call the court's attention to them then and there, and invoke the aid of the court to prevent the remarks from injuring the defendant, before he will be allowed to urge the matter as error in this court. In such case the court will not hold the remark error upon which to reverse the case. (*People* v. *Shears,* 133 Cal. 159, [65 Pac. 295]; *People* v. *Beaver,* 83 Cal. 419, [23 Pac. 321]; *People* v. *Ah Fook,* 64 Cal. 383, [1 Pac. 347]; *People* v. *Kramer,* 117 Cal. 650, [49 Pac. 842]; *Lunsford* v. *Dietrich,* 93 Ala. 565, [30 Am. St. Rep. 79, 9 South. 308].)"

The foregoing is a sufficient answer to the contention in reference to the district attorney's remark about the collection of the money from the surety company. Indeed, what he said was strictly responsive to a declaration of appellant's counsel, and, besides, it was not calculated to prejudice defendant.

There is no merit in the contention that the information is defective. It is assailed principally upon the ground that it does not appear therein that the offense was committed within Madera county. But we can see no uncertainty in that respect. The information alleges that "said W. M. Amer, on or about the month of January, 1906, . . . was the duly elected, qualified and acting County Treasurer of the *County* of *Madera,* State of California, and as such county treasurer, he, the said W. M. Amer, *then* and *there* had in his possession and under his control, by virtue of his trust and as such county treasurer . . . the same then and there being public funds of said County of Madera . . . which he had received as such county treasurer for the use and benefit of *said* county, and did *then* and *there* fraudulently appropriate such money," etc.

Appellant can hardly be serious in his claim that the venue of the offense is left in doubt. No one of ordinary understanding would be uncertain as to the reference of "then and

there." (*People* v. *Thompson,* 7 Cal. App. 616, [95 Pac. 386], and cases cited.)

The record discloses no prejudicial error, and the judgment is affirmed.

Chipman, P. J., concurred in the judgment.

HART, J., Concurring.—I concur in the judgment. I desire, however, to explicitly place my assent to the conclusion reached by Mr. Justice Burnett upon the point of practice discussed in his opinion with reference to the alleged misconduct of the district attorney upon the ground that the evidence disclosed by the record appears to be so conclusive of the guilt of the appellant that, in my opinion, said misconduct could not have been prejudicial. Under the rule laid down by the supreme court in *People* v. *Amer,* 151 Cal. 303, [90 Pac. 688], the misconduct of a district attorney in a criminal case, where the same is assigned as error, cannot be reviewed on an appeal from an order denying a motion for a new trial. Under the rule intimated by Mr. Justice Burnett in the case at bar, such misconduct cannot be reviewed on an appeal from the judgment. Thus, if both conclusions be correct, a defendant in a criminal case is afforded absolutely no protection against the most flagrant act of a prosecuting officer in his argument to the jury. Such officer may, with impunity, if he so pleases, import the most damaging extraneous matters into the case, and thus accomplish a conviction where, perhaps, the evidence is so slight that a verdict of acquittal would be the only just one, but which could not, under our constitutional provision limiting appellate courts to the consideration of questions of law alone, be disturbed by the reviewing courts.

The settled rule in this state under the decision in *People* v. *Amer,* 151 Cal. 303, [90 Pac. 698], now is, as we have seen, that the misconduct of the district attorney is not an error which can be considered on an appeal from the order refusing a motion for a new trial. While there seems to be no answer to the conclusion suggested in the main opinion here that such misconduct is not reviewable on an appeal from the judgment, I think that, under the circumstances, it should be held to be, even if such a ruling may be said to partake of the nature of "judicial legislation."

I had always been under the impression that the point could be reviewed on the appeal from the order. It always struck me that, if it could be said that the misconduct of a prosecuting officer in a criminal case was prejudicial to the defendant, a verdict against him would, under such circumstances, be one against law; that, if it could be said that a verdict was thus brought about, then the defendant had not been convicted according to ''the law of the land,'' for most certainly it would appear to be a proposition, logically unassailable, that if he had been convicted through remarks of the district attorney having no basis whatever in anything properly admitted into the record, such conviction would not be according to law, or, in other words, that the defendant had not been *tried* and *found guilty* through the fair and impartial trial guaranteed to him by the law of the land.

The effect of the decision of the supreme court and of the conclusion, if tenable, in the main opinion in the case at bar on the point under consideration is a declaration to public prosecutors that there is no limit to the extent to which they are privileged to go beyond the record in a criminal case in their argument to the jury.

I cannot subscribe to the proposition.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 16, 1908.