[Crim. No. 78.   Third Appellate District.—October 31, 1908.]

## THE PEOPLE, Respondent, v. CHARLES HIGGINS, Appellant.

CRIMINAL LAW—MISCONDUCT OF DISTRICT ATTORNEY—ALLUSION TO DEFENDANT'S FAILURE TO TESTIFY—WHEN AND WHEN NOT PREJUDICIAL.—The district attorney has no right, in his remarks to the jury, to refer directly or indirectly to the failure of the defendant to testify. When the evidence is so slight that a verdict either of guilty or acquittal might be warranted, unfavorable criticism by him in his address to the jury would justify a reversal; but when, as in this case, under the evidence in the record the jury could return no other verdict than the one found, and the court, upon improper allusion by the district attorney to the defendant's failure to testify, promptly stopped him and immediately and clearly instructed the jury that his remarks were without legal justification, and that no inference against the defendant can be drawn by the jury from his failure to testify, the misconduct of the district attorney is without prejudice, and is not ground for reversal.

ID.—BURGLARY—INSTRUCTION AS TO "NIGHT-TIME"—MATTER OF FACT NOT INVOLVED.—An instruction to the jury upon a prosecution for burglary to the effect that their verdict should be for conviction of the defendant for burglary in the first degree, if they find beyond a reasonable doubt that the offense charged was committed

"in the night-time, during the period between sunset and sunrise," involves no matter of fact as to the "night-time," the legislature having defined that term in section 463 of the Penal Code in accordance with the instruction given, as matter of law.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

H. W. A. Weske, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HART, J.—The defendant was convicted of the crime of burglary of the first degree, and prosecutes this appeal from the judgment and the order denying his motion for a new trial.

The claim for a reversal of the judgment is based, principally, upon alleged misconduct of the district attorney in his address to the jury. Objection is also urged against one of the instructions given by the court.

The evidence presented by the record is conclusive of the guilt of appellant. The place alleged and proven to have been burglariously entered by the accused was a saloon, located in a small town called Bloomfield, in Sonoma county. In addition to a number of strong circumstances pointing to the defendant's guilt, two witnesses positively testified that they saw him in the saloon after the proprietor had closed the establishment for the night. The defendant did not take the witness-stand, nor did he offer any testimony contradictory to that introduced by the people.

During the course of his argument to the jury, the district attorney, among other things, said: "Then, in addition to that was the other bottle which he has not yet found, and two beer bottles which were found, which correspond with the bottles which he had in stock. Now, then, it cannot be presumed for one moment—*the defendant himself and no one in his behalf have seen fit to testify, or to contradict—*" At this juncture the attorney for the defendant interposed an excep-

tion to the remarks of the district attorney, whereupon the court thus admonished the jury: "Yes, that should not be referred to at all. He is not called upon to take the stand. Gentlemen of the jury, you will entirely disregard that. You have no right to infer anything by reason of the matter commented upon. Do not touch that, Mr. Hoyle."

In view of the convincing character of the testimony presented by the people against the defendant, we do not think we would be justified in holding that the remarks of the district attorney involved misconduct on his part prejudicial to the accused. The district attorney had no right to refer either directly or indirectly to the defendant's silence. Under the law it was defendant's right either to become a witness or to refuse to take the stand, and his omission to testify could not, legally, be the basis of an unfavorable inference against him. And, in a case where the evidence is so slight that a verdict either of conviction or acquittal might be warranted, unfavorable criticism by the prosecuting officer in his address to the jury of the defendant's omission to testify in his own behalf ought to be, and we think would undoubtedly be, held sufficient to justify a reversal of the judgment. In the case at bar, however, under the evidence as disclosed by the record, the jury could have consistently returned no other verdict against the accused than the one found. Besides, the court promptly and with clearness instructed the jury that reference by the district attorney to the failure of the defendant to testify for himself was without legal justification, and that no inference militating against the appellant could lawfully be drawn by the jury from that circumstance.

In the case of the *People* v. *Amer,* 8 Cal. App. 137, [96 Pac. 401]—a case decided by this court—a similar point was made by the appellant, and the language of the district attorney was much stronger against the accused than the language of which complaint is made here. In the opinion of the court, speaking through Justice Burnett, it is said: "But admitting that it is error for the district attorney to comment upon the circumstance, notwithstanding it is within the knowledge of the jury, and it is referred to by defendant's counsel, and the judge of the court, it is clear in the case at bar that error was without prejudice. This follows from the nature of the evidence against the defendant. We shall not review it, but deem it sufficient to say that it is inconceivable that any

honest jury could have found any other verdict, in the absence of any dereliction on the part of the district attorney. His objectionable remarks, in other words, could not have been considered nor used by the jury to the prejudice of the defendant.'' The foregoing observations are peculiarly applicable to the case at bar. For further authorities as to the rule under consideration, see 2 Ency. of Pl. & Pr. 725; *People* v. *McRoberts,* 1 Cal. App. 28, [81 Pac. 735]; *People* v. *Salas,* 2 Cal. App. 540, [84 Pac. 295]; *State* v. *Ahern,* 54 Minn. 196, [55 N. W. 959]; *People* v. *Bradbury,* 151 Cal. 675, [91 Pac. 497].

The following is the instruction to which appellant objects upon the alleged ground that it involves a trespass upon the province of the jury in that it deals, so it is charged, with the facts: ''If you are satisfied from the evidence herein beyond a reasonable doubt that the defendant committed the crime charged in the information herein, in the manner and form therein charged, and that he entered the said house and building with felonious intent as charged, in the night-time, during the period between sunset and sunrise, then your verdict should be burglary of the first degree.''

The criticism specifically directed against the foregoing instruction is that its language is such that the question of fact of whether the burglarious entry of the building was effected in the day or the night time was taken from the jury and determined by the court. We do not so read the instruction. The legislature has defined the meaning of the term ''night-time'' as used in connection with the commission of the crime of burglary (Pen. Code, sec. 463), and a trial court remains strictly within its power and authority in the matter of instructing a jury in such a case as this when it declares that, *as a matter of law,* the ''night-time,'' as it is employed in that section, means the period between sunset and sunrise. This is all that the court did in the criticised instruction, and, in doing so, did not invade the province of the jury or the constitutional right of the accused to have the jury alone pass upon all the questions of fact in the case.

Some contention is also made that the only direct testimony offered against the accused was that of an accomplice, and that the circumstances and other testimony do not corroborate said accomplice as required by section 1111 of the Penal Code. As suggested in the beginning of this opinion, the testimony

conclusively establishes the defendant's guilt. No doubt one of the witnesses was an accomplice, but there were, as before observed, strong circumstances proved against the accused, and, moreover, a witness, not an accomplice, Mrs. Lefevre by name, positively declared that she saw the defendant in the saloon after the proprietor had closed the place and saw him light several matches while in the building.

We see nothing in the record calling for a reversal of the case.

The judgment and order are affirmed.

Chipman, J., and Burnett, J., concurred.