*tiorari* and the judgment of the Justice was there affirmed. The plaintiff in error then caused a case to be made and brought to this Court, but the return of the Justice was not embodied in the case, but instead thereof the Circuit Judge undertook to set forth its sub-stance.

*Held*, That the judgment of the Justice could not be reviewed without having his return in full before the Court, and a case made which did not embody it was fatally defective. Case dismissed.

Whether a *certiorari* case can be brought up at all by case made was not decided.

--------•-+-●-+-◄--------

### SWIFT *et. al. vs.* APPLESTONE.

There is no error in allowing the next friend of an infant plaintiff to act as an interpreter for a witness in the case.

In an action for damages for injuries occasioned by the bite of a dog, the defendant's knowledge of the vicious character of his dog may be considered in estimating damages.

Error to Oakland Circuit.

*Opinion by* COOLEY, J.—The Court held that it could not be said that the permitting the next friend of an infant plaintiff to be sworn as an interpreter for a witness who did not speak the English language, was error, whatever objections of policy might seem to apply to such a course. The common law rules excluding parties and interested persons from testifying in civil cases are entirely done away witin this State.

Nor did the Court err in refusing to strike out the testimony of the witnesses Baumer and Bell. They seem to have been examined to show that the defendant below had knowledge as to the vicious character of the dog which inflicted the injury. This knowledge is properly taken into account by the jury in estimating the damages.

Plaintiffs in error argued that the Court below erred in not awarding judgment for them upon the whole record, inasmuch as the verdict was for them (defendants below, on the first and third counts and was inconsistent with any verdict against them on the second count, which was for the same cause of action as the others.

Also that the Court erred in not giving judgment in their favor for costs upon the issues found in their favor. It was deemed sufficient as an answer to these arguments to say that the record did not show that any motion in arrest of judgment was made on this ground — The Court further held that the three counts in the declaration were not, as a legal proposition, for the same cause of action.

The course taken to double the damages was correct, and the judgment was affirmed with costs.

## LABAR *vs.* NICHOLS.

To entitle a person to appeal from the allowance of an administrator's account, he must show that he has been aggrieved by such allowance.

Error to Kalamazoo Circuit.

*Opinion by* CAMPBELL, C. J.—The Circuit Court dismissed an appeal from the allowance of an administration account. on the ground that the appellant was not a personage aggrieved by the order appealed from. The appellant was the son of decedent, who died testate, and had bequeathed him $10 out of a considerable estate, all of which was willed to specific and residuary legatees and devisees. The will was probated and established in 1859. The account in question was settled in 1689, and the order of settlement directed this legacy to appellant to be paid, and a large surplus was shown and ordered to be distributed

The appellant had no interest in the case save as to his legacy of $10 and as to the question whether he might be held liable so far as his legacy went for some contingent and unaccrued claims which might be discovered. The statute requires that the person appealing must be " aggrieved," and his interest must be present and existing. No claim has yet occurred after the lapse of many years, nor does there seem any likelihood that appellant's interest will be interfered with in any way.

The order of the Circuit Court dismissing the appeal is affirmed.