THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

JOSEPH SHENK.

*Filed at Ottawa January 21, 1890.*

1. WITNESS—*interpreter—competency to serve in that capacity.* Where the person offered to interpret the testimony of a witness unable to speak the English language, is otherwise qualified, and there is no objection to be urged against him, except that he has been called and examined as a witness by the party offering him, he should not be rejected.

2. There is no legal presumption that because a person has been called as a witness by one of the parties to a suit, and has testified in his behalf, he is thereby so far biased or prejudiced in favor of the party calling him as not to be trusted to fairly and impartially interpret between the court and another witness called by the same party.

3. Some degree of discretion must be vested in the trial court as to who shall be employed as an interpreter; but it ought not to be exercised so as to deprive a party altogether of the testimony of his witness, so long as an interpreter is offered against whom there is no legal objection.

4. SAME—*refusal to swear interpreter—materiality of evidence need not be shown.* Where the trial court refused to swear a person to interpret the testimony of a witness unable to speak our language, and the court refused to allow counsel to state the facts he expected to prove by such witness, error may be assigned upon such refusal without the party being required to show the materiality of the testimony thus lost.

5. EXCEPTIONS—*whether sufficient.* On the trial of a cause, counsel called a witness who could not speak the English language, and then tendered a competent interpreter, and the court ruled that the interpreter was disqualified because he had testified as a witness in the case in favor of the party tendering him, and the party duly excepted to such ruling. Following this ruling, the counsel offered to show the materiality of the testimony sought to be interpreted, which the court refused to allow, holding that the question of the materiality of the testimony was not involved. The exception was not repeated to this ruling: *Held*, not necessary to repeat the exception, as it was intended and understood as applying to the whole subject.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Grundy county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. WILLIAM BROWN, for the plaintiff in error.

Mr. BENJAMIN OLIN, and Mr. WILLIAM MOONEY, for the defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by Joseph Shenk against the Chicago and Alton Railroad Company, to recover damages for the loss by fire of the plaintiff's hay, grass and other property, caused, as is alleged, by the negligence of the defendant's servants. A trial was had on a plea of not guilty, resulting in a verdict and judgment in favor of the plaintiff for $1329, and said judgment having been affirmed by the Appellate Court, the record is now brought here by appeal.

Various errors are assigned, but as we view the case, only one of them calls for special discussion. During the trial, the defendant having, to maintain the issues on its part, produced and examined a number of witnesses, and among them one Charles Kein, called as a witness John Komoso, a native of Poland, who could understand or speak only the Polish language. The defendant thereupon offered as an interpreter said Kein, who, as the evidence shows, understood the Polish language, and was able to translate the questions to the witness into that language and his answers into English. His admission as an interpreter was objected to by the plaintiff on the sole ground that he had testified as a witness for the defendant, and upon that ground alone the court rejected him, and there being no other person at hand competent to act as an interpreter, the defendant was unable to examine said witness, and was thus deprived of his testimony. Said Kein, being

examined on oath, stated that he had no feeling that would interfere with his acting as an interpreter; and also that he knew of no other person in Morris, the place where the trial was had, who understood the Polish language, and could translate it into English.

The counsel for the defendant thereupon undertook to state to the court the nature and materiality of the testimony which he expected to elicit from the witness, and to have his statement and offer in that behalf embodied in the record, but the court refused to permit him so to do, holding that making such statement or offer, and the embodying the same in the record would be improper.

The decision of the court rejecting said interpreter was clearly erroneous. Without attempting to lay down any general rules defining the qualifications of interpreters, this may be confidently stated, that where the person offered to serve in that capacity is otherwise qualified, and there is no objection to be urged against him except that he has been called and examined as a witness by the party offering him, he should not be rejected. There is no legal presumption that because a person has been called as a witness by one of the parties to a suit and has testified in his behalf, he is thereby so far biased or prejudiced in favor of the party calling him, as not to be trusted to fairly and impartially interpret between the court and another witness called by the same party. Doubtless some degree of discretion must be vested in the trial court as to the person who shall be employed as an interpreter, but that discretion ought not to be so exercised as to deprive a party altogether of the testimony of his witness, so long as an interpreter is offered against whom there is no legal objection. Indeed, where a suitable interpreter is tendered and no other person is available, it is difficult to see how there can be any discretion.

Here the objection made to Kein was untenable, and as no other objection was urged, it must be assumed that none ex-

isted. Doubtless if there had been some other qualified and unobjectionable person at hand to serve as interpreter, the court would have been justified in employing him instead of Kein if he saw fit to do so. But it does not appear that any such person was to be had, and the fair inference from all the evidence is that there was not. The plaintiff's counsel suggested no one, nor does he pretend that he knew of or could have suggested any one else. Kein, who, as we may presume, was most likely to be acquainted with other persons of the same nationality in the neighborhood, testified that he knew of no one else in Morris who could translate the testimony of the witness into the English language; and so, in the absence of all proof or even suggestion to the contrary, it must be inferred that Kein was at the time the only person who could be obtained or who was available as an interpreter. By rejecting him the court altogether deprived the defendant of the testimony of its witness, and if said testimony was material, the error in rejecting him was clearly prejudicial to the defendant.

But it is objected that the record wholly fails to show the materiality of said testimony. That is true, but neither the defendant nor its counsel is responsible for the fact that such is the condition of the record. Said counsel sought to present to the court and have embodied in the record a statement of what he expected the testimony of the witness would be, and persisted in his efforts in that behalf until he could no longer do so with proper courtesy to the court, but he was peremptorily forbidden to make the statement or say a word on that subject. He could have done more only in contempt of the express order and decision of the court. The theory upon which the matter was disposed of was, that the competency of the interpreter in no way depended upon the materiality of the testimony to be interpreted, and that, as the interpreter tendered was, in the judgment of the court, incompetent because he had testified as a witness for the defendant, the

materiality of the testimony to be interpreted was in no way involved. It was therefore held to be improper for the defendant's counsel to make any representation or showing on that subject.

But it is insisted that no proper exception was taken or preserved to these rulings of the court. The record shows that the defendant's counsel called his witness and then tendered said interpreter, and that the court, upon the foregoing objection to the competency of the interpreter being made, ruled that he was incompetent and refused to allow him to serve. To this ruling an exception was duly taken. In immediate connection with the decision sustaining said objection, the defendant's counsel proposed and offered to show the materiality of the testimony of said witness, but the court refused to permit him to do so, holding that the materiality of said testimony was in no way involved, and that his decision was based solely upon the ground of the incompetency of the proposed interpreter. The exception already taken was not repeated, but we think it was evidently intended by counsel and understood by the court as applying to the decision of the whole matter then submitted touching the competency of the interpreter offered, and the right of the defendant to have him accepted as such for the purpose of interpreting the testimony of the witness sought to be examined. To hold otherwise would be to apply to the record a rule of construction much more technical than we are disposed to adopt.

For the error of the court in holding said interpreter incompetent and refusing to permit him to serve, the judgment will be reversed and the cause remanded.

*Judgment reversed.*