Judgment and order reversed, and new trial granted, with costs to appellants to abide event, upon questions of law and fact. All concur; McLENNAN, P. J., and SPRING and STOVER, JJ., upon the additional ground that the verdict was against the weight of evidence.

---

### MENNELLA v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 24, 1904.)

1. COURTS—INTERPRETER—APPOINTMENT.

At common law, and in the absence of statute, the court has the right, and it is its duty, to appoint an interpreter, when necessary, without the consent of the opposite party.

2. PERSONAL INJURIES—ACCIDENT TO CHILD—CONTRIBUTORY NEGLIGENCE—AGE OF CHILD—ABSENCE OF EVIDENCE—ESTOPPEL TO RELY ON.

In an action for personal injuries to a child defendant cannot contend, in support of a judgment for dismissal, that the evidence showed that plaintiff was guilty of contributory negligence, and that there was no testimony as to his age which would exonerate it from the consequences of such negligence, where defendant itself prevented the introduction of the testimony of the child's mother as to its age by its refusal to consent to the employment of an interpreter.

3. TRIAL—DISMISSAL OF COMPLAINT—FAILURE TO PROCURE INTERPRETER—REMANDMENT TO CALENDAR.

In an action for injuries to a child, where sufficient evidence had been given to carry the case to the jury on the question of defendant's negligence, it was error for the court to dismiss the complaint, and especially on the merits, before plaintiff had presented all his evidence and closed his case; and, if the presentation of such evidence was rendered impossible by failure to obtain the services of an interpreter, the trial should have been suspended, and the case remanded to the calendar.

Appeal from City Court of New York, Trial Term.

Action by Vinconse Mennella, an infant, by his guardian, etc., against the Metropolitan Street Railway Company. From a judgment of the City Court for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Rosario Mazzio, for appellant.

Bayard H. Ames and F. Angelo Gaynor, for respondent.

FREEDMAN, P. J. At the trial plaintiff's complaint was dismissed before he had finished his case. The plaintiff and his parents are Italians, and the principal reason which led to the dismissal was that the plaintiff had failed to have an unobjectionable Italian interpreter in court, through whom his mother, who did not understand English, could be examined. The first man proposed for that purpose

appeared to be a friend of the attorney for the plaintiff, and was to be called as a witness. Assuming that he was properly rejected, the plaintiff's attorney proposed at least two other men whom he claimed were competent, and they were rejected without any examination into their competency for the sole reason that the defendant refused to consent to either of them, the trial justice placing his ruling in that respect upon the ground that there was no official interpreter attached to the court, and that in the absence of one he could not compel the defendant to accept a person proposed by the plaintiff for that purpose. This was error. At common law the court has not only the right, but also the duty, to make such appointment where the necessity exists. Am. & Eng. Ency. of Law (2d Ed.) vol. 17, pp. 27–31, and cases there cited. Statutes for the appointment of official interpreters in certain courts exist to enable said courts to proceed promptly with their assistance, but the duty to appoint as occasion requires remains irrespective of statute. A poor litigant as well as a rich one is entitled to his day in court, and to a respectful hearing; and, in so far as he cannot present his case except through an interpreter, it is right to be heard in that way. It would be a denial of justice to make such right depend upon the consent of the defendant. The plaintiff, an infant, brought this action to recover damages for personal injuries sustained by being run down by a car of the defendant. His mother, although not an eyewitness to the accident, was evidently called to show his age, and what kind of an infant he was. The defendant seeks to uphold the judgment on the ground that the testimony of two witnesses to the accident who were produced by the plaintiff showed that the plaintiff was guilty of contributory negligence. Assuming for a moment that such claim would be tenable if the plaintiff had been an adult, it might, under the circumstances of this case, have become untenable if the plaintiff had been permitted to show that he was at the time a child of such tender years that, as against him, a different rule should be applied; and consequently the testimony of his mother, if taken, might have carried the case to the jury upon this point. The defendant, who prevented this testimony, cannot urge that without it there is not a scintilla of evidence in the case as to the age of the plaintiff. Under the circumstances disclosed, and sufficient evidence having been given to carry the case to the jury upon the question of defendant's negligence, the court below erred in dismissing the complaint, and especially in dismissing it upon the merits before the plaintiff had presented all his evidence and closed his case. If it was impossible to obtain the services of a competent interpreter, the trial should have been suspended and the case remanded to the calendar.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

DAVIS, J., concurs.

MacLEAN, J. (concurring). Two exceptions only appear in the case. One is worthless because to the exclusion of an indefinite question already answered; the other, which is probably good, being to

the dismissal of the complaint when there was some evidence to be submitted to the jury. In view, however, of the animadversions in the brief for the plaintiff (appellant), it is proper to remark that it was the duty of her attorney and counsel not only to acquaint himself with the facts necessary to support the infant's cause of action, but also to see to it that that evidence would and could be presented. If, as he apparently well knew, the witnesses could not speak the vernacular of the court, it was his duty to secure the presence of an interpreter, not only linguistically competent, but also qualified to interpret the statements of the witnesses in a manner to command the confidence of the jurors and of the court. That the person proffered as interpreter is friendly to the parties, and even that he is friendly to one of the parties, is not cause of his exclusion, but goes to the credibility of his interpretation. People v. Ramirez, 56 Cal. 533, 38 Am. Rep. 73. The function of an interpreter is much like the function of an expert, and, like any other expert, the interpreter's qualification must be shown either by his own oath or by the oath of some one else. If not a sworn officer of the court, he must be sworn in each case, and his qualifications duly established. Proffering several persons to the court and jury as interpreters, the counsel for the plaintiff was not at the pains to have it appear, other than by his own unverified statements, that the person so proffered was either competent, qualified, or fit. One person was accepted by the defendant's counsel, and served for a part of the day, but did not appear on the following day to complete the cross-examination. After irritating disappointment and delays, the justice struck out the evidence of the witness, whose cross-examination could not be completed, and dismissed the case. For this course there was much excuse, if not justification. Inasmuch, however, as there was some evidence which might have been submitted to the jury, it is a hardship to allow the case of an infant plaintiff to fail because of the lack of preparation or skill of the attorney to whom its guardian has confided the case.

. The judgment should be reversed, and a new trial ordered, without costs.