[Crim. No. 384.  Second Appellate District.—May 13, 1915.]

## THE PEOPLE, Respondent, v. MIKE VALENCIA, Appellant.

CRIMINAL LAW—ROBBERY—SUFFICIENCY OF EVIDENCE.—In this prosecution for robbery it is held that the evidence of the prosecution cannot be held to be inherently improbable and that the jury was justified in disbelieving the testimony of the defendant in support of his claim of an *alibi*.

ID.—APPOINTMENT OF INTERPRETER—DISCRETION OF COURT.—The propriety of calling an interpreter and the fitness of the person so called, in such a case, are matters for the trial court; and the defendant has no cause for complaint of the appointment of an interpreter who he claims was biased and prejudiced, where he offered no evidence in support of his contention.

ID.—INSTRUCTIONS—EVIDENCE—ALLEGED MISCONDUCT OF DISTRICT ATTORNEY.—It is held in this prosecution for robbery that there was no error in modifying certain instructions; nor in rulings, in regard to the admission of evidence, and that the record does not show any prejudicial misconduct on the part of the district attorney as claimed by the defendant.

APPEAL from a judgment of the Superior Court of Kings County and from an order denying a new trial.  M. L. Short, Judge.

The facts are stated in the opinion of the court.

J. C. C. Russell, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted upon an information charging him with the crime of robbery.  He appeals from the judgment and an order denying his motion for a new trial.

The complaining witness, who is a Chinaman, fully identified the defendant as the man who, armed with a revolver, entered his room at about 2 o'clock A. M., October 11, 1914, shot him and by force took a certain sum of money from him. Against this evidence defendant sought to establish an *alibi*. Apparently the evidence in support thereof was not believed either by the jury or by the court which denied the motion for

a new trial. The evidence of the complaining witness was to the effect that he had met and talked with defendant on two or three previous occasions when he had been in the former's place of business, and his identification of defendant as the man who robbed him was positive and unequivocal. On the occasion of the robbery there were lights in an adjoining room, separated from that occupied by the Chinaman by an open door, and defendant, calling him by name, demanded his money. Under these circumstances the testimony cannot, as defendant claims, be said to be inherently improbable. The defendant's testimony as to the *alibi* was of a nature to cast suspicion upon his story and the jury was clearly justified in disbelieving it.

Objection is made that the court erred in overruling defendant's objection to the appointing of one T. J. Gentjee to act as interpreter. While counsel for defendant based his objection upon the ground that Gentjee was biased and prejudiced, not the slightest evidence was offered in support thereof. The propriety of calling an interpreter and the fitness of the person so called are matters for the trial court. (Code Civ. Proc., sec. 1884; *People* v. *Salas*, 2 Cal. App. 537, [84 Pac. 295].) Not the slightest ground exists for complaint upon this score.

Appellant claims that the court erred in modifying instructions which he numbers 3, 6, 9, 12, and 14. No reason is assigned therefor other than that the modifications "weakened the effect of the instructions." An examination of the instructions shows the contention to be without merit.

Appellant's counsel next insists that the court erred in overruling his objections to questions asked by the district attorney, numbering nearly one hundred, which errors, without any argument in support thereof, we are told may be found, as designated in his brief, on "page 6, line 7, page 7, line 2," etc., etc., of the reporter's transcript. As far as examined, the record discloses the rulings to be correct. As appellant has not seen fit to further point out the alleged errors or assign any reason for his claim that the court erred, we do not feel called upon to further search the record for error.

It is insisted that the substantial rights of defendant were prejudiced by misconduct of the district attorney in arguing the case to the jury. The transcript, however, fails to disclose what was said by the district attorney in arguing the

case; hence there is nothing in the record disclosing such error. Other acts of misconduct are predicated upon questions asked by the district attorney of defendant's witnesses on cross-examination, to which the court sustained objections. They furnish not the slightest ground for the claim that defendant's rights were prejudiced by reason of the asking of such questions.

Another alleged error is based upon the fact that on cross-examination of the complaining witness he was asked if he did not at defendant's preliminary hearing testify that the robbery was committed on October 4th, instead of October 11th, to which he replied in the negative. Thereupon defendant produced and read from what purported to be the reporter's transcript of his evidence. While this did not show that he had so testified, nevertheless the district attorney, asserting that the evidence so contained in the transcript was that adduced upon a complaint which had been dismissed, offered other parts of the transcript showing proceedings before the magistrate taken by the district attorney in dismissing the first complaint. The evidence was proper for the purpose of explaining a purported, though not real, discrepancy in the testimony of the witness.

Other alleged errors are not deserving of attention; suffice it to say they possess as little merit as those herein discussed.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.