## Renick v. Hays.

### (Decided November 30, 1923.)

### Appeal from Warren Circuit Court.

1. Trial—Appointment of Attractive Daughter as Interpreter Not Error.—Court held not to have abused a sound discretion in appointing, as interpreter for plaintiff, who had an impediment in his speech, his attractive daughter, instead of his brother or wife.
2. Appeal and Error—Verdict Not Flagrantly Against Evidence, when There was as Much for as Against Successful Plaintiff.—Where, upon every question of fact presented by the pleadings and submitted by the instructions, there was as much, if not more, evidence for the plaintiff as for the defendant, a verdict for plaintiff was not flagrantly against the evidence.

DENHARDT & HUNTSMAN for appellant.

THOMAS, THOMAS & LOGAN, RODES & HARLIN and N. P. SIMS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In this action for slander, plaintiff recovered judgment for $500.00, and defendant has appealed.

The utterance charged is, that Renick said: "John Hays has been stealing chickens from Stephens, sometimes called Teed Rector." The answer denies the utterance, pleads its truth, and alleges that what the defendant said to plaintiff was: "You have been accused of stealing Teed Rector's chickens, and you told me yourself you did steal them."

The affirmative allegations of the answer were traversed of record, and, upon trial, these issues were submitted to the jury upon instructions which are not criticised.

The first insistence for reversal of the judgment is, that the court erred in appointing the daughter of the plaintiff as interpreter for him. Owing to an impediment in his speech, plaintiff could not make himself understood by strangers, and it is not claimed that it was error to appoint an interpreter for him, but the insistence is that the court should have appointed his brother or his wife instead of the daughter, who, as we are informed in brief for the defendant, is very attractive, and by her demeanor on the witness stand gave the plaintiff an undue advantage.

There is, however, nothing in the record to indicate that this is true. There was no objection during the trial to anything she did, and the only question presented by the record is, whether or not the court erred in appointing her rather than plaintiff's brother or wife.

The court heard proof as to which of these three parties could best interpret plaintiff's speech, and it was shown without contradiction that the daughter could understand her father with less difficulty than either his brother or wife, and we conclude that in her appointment the court did not abuse a sound discretion.

The only other complaint is, that the verdict is not sustained by, but is flagrantly against, the evidence.

This is not borne out by the record, however, since upon every question of fact presented by the pleadings and submitted by the instructions, there was as much, if not more, evidence for the plaintiff as for the defendant.

Wherefore, the judgment is affirmed.