ELMER J. WORTMAN, APPELLANT, V. JOSEPH P. ZIMMER-
MAN ET AL., APPELLEES.

FILED MAY 1, 1930.   No. 27123.

*Dort, Cain & Witte,* for appellant.

*Jack & Vette, Sanden, Anderson, Laughlin & Gradwohl,*
and *Frank A. Dutton, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD and DAY, JJ., and CARTER and CHASE, District Judges.

CARTER, District Judge.

This was an action brought by Elmer J. Wortman to recover damages for personal injuries sustained and alleged to have been caused by the negligence of the defendant Maude Belle Zimmerman in so operating her automobile as to cause a collision with the automobile in which plaintiff was riding and inflicting severe injuries to plaintiff's head and back, for which he asks judgment for the sum of $42,497.50.

The answer denies that the defendants were negligent, alleges the contributory negligence of the plaintiff, and alleges further that plaintiff was riding with one Oluf Rasmussen at the time of the accident, that plaintiff and Rasmussen were engaged in a joint enterprise at the time, that the negligence of Rasmussen caused or contributed to the injury, and that because of such fact the plaintiff could not recover.

The issues of fact were submitted to a jury; the verdict and judgment was for defendants, and plaintiff appeals.

The evidence discloses that on the morning of October 16, 1927, the plaintiff, Oluf Rasmussen and Carl Anderson left Lincoln, Nebraska, for Ruskin, Nebraska, in a Ford automobile, the body of which had been removed and a box six or eight inches high built thereon. The automobile was loaded with plumbing fixtures and supplies, including a bathtub and lavatory. The crated bathtub was laid across the truck behind the driver's seat and wired in place. Plaintiff sat on top of the crated bathtub and Rasmussen and Anderson sat in the seat, with Rasmussen driving. While occupying these positions and pursuing a westerly course on the Goldenrod Highway just north and west of the village of Ellis, Nebraska, the car in which plaintiff was riding was struck at an intersection by an automobile being driven by the defendant Maude Belle Zimmerman, the wife of the other defendant Joseph P. Zimmerman.

The testimony for plaintiff is to the effect that the Ford car was traveling 20 to 25 miles an hour and that defendants' car was traveling 35 miles an hour and that the Ford car was struck after it had entered the intersection.

Defendant Maude Belle Zimmerman testified that she stopped her car just before arriving at the intersection to allow another car to pass; that she saw the Ford car coming from the east at a rate of speed of 35 miles an hour; that she started across the intersection at a rate of speed of 10 miles an hour, and was struck by the Ford car just after she entered the intersection. Mrs. Zimmerman also testified that she saw plaintiff thrown from his seat on top of the crated bathtub.

The acts of negligence complained of are: That Mrs. Zimmerman was driving at an unlawful and reckless rate of speed; that she failed to keep a proper lookout for danger when entering the intersection; that she failed to give any warning of her intention to enter the intersection; that she turned her car to the right instead of to the left in attempting to avoid the collision; and that she failed to keep her car under control.

It is further disclosed that the plaintiff had been engaged in the dray business for a period of years preceding the accident and had on several occasions employed the witness Rasmussen to work for him on small jobs. The witness Rasmussen was engaged in the plumbing business at Ruskin and had been so engaged for several years. It appears from the evidence that some time prior to the accident plaintiff had made arrangements with Rasmussen to install some plumbing fixtures in plaintiff's home, including the bathtub and lavatory. On the morning of October 15, 1927, Rasmussen went to Lincoln to get some plumbing supplies and fixtures and was accompanied by plaintiff at Rasmussen's invitation. The evidence of both plaintiff and Rasmussen was to the effect that plaintiff had previously selected the fixtures he desired from a catalogue and that plaintiff accompanied Rasmussen for the purpose of attending the Nebraska-Grinnell football game in the after-

noon. Plaintiff left Rasmussen shortly after arriving in Lincoln and they had not again met until 5 or 6 o'clock that evening, at which time all the plumbing fixtures and supplies were loaded in the Ford car and ready for the return journey. Among the fixtures loaded in the car were a bathtub and lavatory which Rasmussen intended to install in plaintiff's home. Rasmussen paid for the gas and oil used on the trip, but the evidence does not disclose who paid the personal expenses of the two while they were together in Lincoln.

The plaintiff (appellant here) contends that any negligence shown on the part of the witness Rasmussen, the driver of the Ford automobile, is not imputable to plaintiff, and that the court erred in submitting the question of joint enterprise. The instruction referred to is as follows:

"The court instructs the jury that, if you find and believe from the evidence that Oluf Rasmussen was driving the automobile in which plaintiff was riding at the time and place of the collision, and that the said Rasmussen was then and there guilty of carelessness and negligence in that connection and which is shown by the evidence in the case, and which caused or contributed to cause the collision, said carelessness and negligence of the said Rasmussen, if you find he was careless and negligent, is not to be imputed to the plaintiff or held against his right to recover herein, unless you further find and believe from the evidence that the plaintiff and the said Rasmussen were engaged in a joint enterprise. By joint enterprise is meant not merely that they were riding together in the same vehicle. Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interest in the objects and purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto."

The plaintiff complains that there was no evidence upon which to base this instruction. Whether or not the evidence is sufficient, we need not decide, for the reason that the instruction given is exactly the same instruction as re-

quested by the plaintiff. Having himself asked the court to submit this issue to the jury, he cannot now complain. The foregoing instruction assumes that there was evidence before the jury from which they could find that plaintiff and the witness Rasmussen were engaged in a joint enterprise. If such evidence was adduced (and in view of the instruction we must presume that there was), then the jury would be justified in finding that plaintiff and the witness Rasmussen were engaged in a joint enterprise and in imputing the negligence of either to the other. It is the rule in this state that, where an instruction is given upon an issue submitted to the jury at the request of a party to a suit, he will not be heard to say that there was no evidence upon which to base the instruction. *Waters v. Nebraska Mutual Ins. Co.*, 108 Neb. 1; *Farmers Bank of Nebraska City v. Garrow*, 63 Neb. 64; *American Fire Ins. Co. v. Landfare*, 56 Neb. 482.

The plaintiff also complains of the giving of other instructions by the trial court. A careful examination shows that all are correct statements of the law applicable to this case. Some of the grounds for objection are highly technical, but in considering the instructions as a whole they correctly and fairly state the law of the case. We are unable to find any reversible error in any of the instructions given.

The plaintiff also complains of the ruling of the trial court in excluding from the evidence a view of the Ford car. Under the law of this state, the viewing of property that is a subject of litigation by the jury is discretionary with the trial court. We believe the same rule should be applied in a case of this character. Clearly there is no abuse of discretion in the case at bar and the error alleged is without merit. *Alberts v. Husenetter*, 77 Neb. 699; *Beck v. Staats*, 80 Neb. 482; *Robison v. Troy Laundry*, 105 Neb. 267.

Plaintiff also complains that under the record and the law of this case plaintiff is not shown to have been guilty of any negligence to bar his right of recovery. Regardless

of the question of any imputed negligence, the jury could have found under the evidence that plaintiff was guilty of contributory negligence. The evidence is undisputed that plaintiff was riding on a crated bathtub which had been wired to the truck crosswise behind the seat. Under such a state of facts, it was for the jury to determine, after taking into consideration all the facts and circumstances, whether or not plaintiff was guilty of contributory negligence. Where the evidence is conflicting or different inferences of fact may be reasonably drawn therefrom, it is a question for the jury whether the guest or occupant of the motor vehicle was guilty of contributory negligence; and only in cases where the evidence is insufficient to carry the issue to the jury, or where the evidence is uncontradicted and the inference to be reasonably made therefrom is clear, is it for the court to rule as a matter of law with reference to the alleged contributory negligence of plaintiff or as to his liability for the contributory negligence of the driver. *Willis v. Schertz,* 188 Ia. 712.

In a recent case decided by the supreme court of Michigan involving a like case, the court in its opinion say:

"Most of the foregoing discussion applies to the claim that plaintiff was guilty of contributory negligence. One additional claim is made, however, that plaintiff was guilty of contributory negligence because he was riding on the running-board, and that he might have avoided injury by stepping off. The five seats in the Buick were taken by other workmen, and he had ridden some distance in an uncomfortable position, and he desired to rest himself for a time, so he got out and rode upon the running-board. As he stood there on the running-board, he was watching the traffic coming from the west, and the driver of the Buick was watching traffic coming from the east. It is within the province of a jury to say whether plaintiff, under such circumstances, might have stepped off and avoided the injury, but the court cannot say so as a matter of law." *Anderson v. Detroit Motorbus Co.,* 239 Mich. 390.

' The court having properly submitted to the jury the questions as to whether the contributory negligence of the plaintiff was the proximate cause of the injury, and whether the contributory negligence of plaintiff was of such a nature as to bar a recovery under the "Comparative Negligence Statute," there being sufficient evidence in the record to support the verdict returned, the contention of plaintiff that the verdict of the jury is not supported by the law and the evidence is not sustainable.

The plaintiff next contends that the court erred in not sustaining plaintiff's motion for a new trial upon the ground of newly discovered evidence. We have carefully examined the affidavits in support of the motion for a new trial and find the contents thereof are of a cumulative and impeaching character. None of the parties making affidavits were present when the acts occurred; none of the new evidence that plaintiff offers to show is of such a controlling character as to probably change the verdict; and under such circumstances the trial court did not err in overruling plaintiff's motion for a new trial on the ground of newly discovered evidence.

There being no error in the record, the judgment is

AFFIRMED.