MORSE *v.* PHILLIPS.

(Division B.   May 19, 1930.)

[128 So. 336.   No. 28685.]

**J. A. Cunningham,** of Booneville, and **Dillard Brown,** of Fulton, for appellant.

**I. L. Sheffield,** of Fulton, for appellee.

**Blair & Anderson,** of Tupelo, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant, who is a deaf-mute, more than sixty years of age, sued appellee for an assault and battery alleged to have been made by appellee upon appellant. It is alleged that appellee, then a constable, in endeavoring to execute a warrant for the arrest of a son of appellant, came in the nighttime to appellant's house and there, without excuse or reason, shot and seriously wounded appellant, when appellant did not know even of the presence of appellee on the premises.

When appellant presented himself as a witness to give evidence of the allegations aforesaid and of the ·details ·of the occurrence, a daughter of appellant was offered at the same time to serve as interpreter. Objections was made by appellee to the daughter as interpreter, and the objection was sustained on two grounds: First, that by virtue of her relationship she was not disinterested; and, second, that she was a witness in her own person to most of the alleged occurrences forming the basis of the suit.

It is the correct practice to procure, if practicable, an interpreter who is disinterested and who is not a witness in the case, and the trial judge is vested with a large discretion in the enforcement of this salutary rule of procedure; but neither the rule, nor the discretion in respect to it, runs to the extent of wholly rejecting an interested or related person as interpreter, even if the related person be a witness, when no other person is available who can adequately interpret for the particular person whose testimony is to be thus translated. And "where the action of the trial court in refusing to permit a competent interpreter to act deprives the party of the benefit of the evidence of a material witness, the error is a reversible one. . . . The simple fact that an interpreter is a relative of a party to the proceeding, or of the one whose evidence he interprets, will not render such interpreter incompetent. . . . That an interpreter, otherwise unobjectionable, has testified or will testify in the case, does not render him incompetent to act in such case in interpreting the testimony of a witness called by the party for whom the interpreter is a primary witness." 7 Ency. Ev., pp. 654, 655.

Testimony was taken on the objection to the interpreter, and it was shown that although appellant is a person of intelligence, he is unable to communicate adequately in writing except in respect to the simpler matters of his daily life, and that in matters of any considerable detail or complication he is able to express himself completely only through translations by the daughter who was offered as an interpreter. She was shown to be a woman of education and good character, being a teacher in the public schools. To reject her as an interpreter was to reject the most nearly perfect way or means of interpreting the testimony of the witness, and throws the objection back upon the points of her interest and relationship—points which go merely to the credibility of the translation and not to the competency of the interpreter as such. 8 Ency. Pl. & Pr., p. 96; 7 Ency. Ev., p.

654. See, also, section 792, Code 1906, section 590, Hem. 1927 Code; Bugg v. Houlka, 122 Miss. 400, 84 So. 387, 9 A. L. R. 480; Sanders v. State, 150 Miss. 296, 116 So. 433.

In the argument to the jury one of counsel for appellee used, in substance, the following language, as shown by the bill of exceptions, to which language counsel for appellant then and there objected, which objection the trial court overruled in the presence and hearing of the jury: "This matter happened in the second district of Itawamba county, and the people of the second district of Itawamba county had already tried the case; they were familiar with the contentions of the plaintiff and the contentions of the defendant, and they have shown that they believed the contentions of the defendant by electing him, after this occurrence, to the office of justice of the peace in and for said district, and this jury has nothing to try; the people have already tried the case in favor of the defendant Phillips."

It is stated by the trial judge that he did not sustain the objection to this appeal to the electorate and to the country at large because it was in response to something that counsel for appellant had said, but what this was is not shown by the record. And if anything so highly improper, as to justify the quoted transgression, was done by counsel for appellant, then it should have been shown in this record, and moreover it should have been instantly restrained and rebuked by the judge, and this of his own motion. 1 Thomp. on Trials (2 Ed.), section 955. We must consider this assignment therefore without regard to what is merely asserted, but is not shown us on the record, as an excuse.

It will require no parade of cases or of authority to demonstrate that the quoted argument has infected the judgment with fatal error. If courts and jury trials are to remain respectable, cases must be tried strictly on the testimony of the sworn witnesses admitted in open court under the law of the land, and without the introduction or allowance of any extraneous influences what-

soever. Lawsuits are not to be settled by primary election. On the contrary, it is the high duty of every court and of every jury to see that every suitor is tried on the merits of his case, as those merits are revealed by the record and by the record alone, regardless of any outside opinion on the subject. These vital truths are self-evident and are above need of elaboration. And plainly, too, if trials are to be judicial adjudications and are not to descend to the poor estate of being merely the ratifications of popular impression, such an argument as was made here, when not corrected by the trial judge, must of necessity incur the penalty of reversal.

There are other errors in the record, particularly in respect to some of the instructions granted on the request of appellee. However, not every assignment of alleged error, either as regards the instructions or in the matters occurring during the examination of the witnesses, is well taken. We do not go into these various assignments further than the two with which we have already dealt, because in view of the criticisms made upon the record touching the further asserted errors, there is reason to anticipate that these errors, so far as there is error, will not be repeated in a new trial, which is now ordered.

Reversed and remanded.