CHARLES LABS, APPELLANT, v. FARMERS STATE BANK OF MILLARD ET AL., APPELLEES.

280 N. W. 452

FILED JUNE 24, 1938. No. 30398.

A. A. Rezac, for appellant.

Barton H. Kuhns and Lawrence I. Shaw, contra.

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

This is a law action originating in the district court for

Douglas county and was for the purpose of recovering damages on account of alleged misrepresentation in the sale to the plaintiff of a note and real estate mortgage in the sum of $5,000, in which it is alleged the defendants represented the same to be a first mortgage, whereas in fact it was a second mortgage, the first and prior mortgage being in the principal sum of $9,000.

At the trial, upon the conclusion of the evidence in plaintiff's behalf, a motion for a directed verdict for the defendants was sustained by the court and the action dismissed.

Upon appeal to this court the question is raised by the appellees that the appellant has not complied with the rules of the court, specifically rule 13, in the preparation of his brief and assignment of errors, in that it contains no statements of the issues actually tried in the court below, nor how they were decided, nor propositions of law particularly and separately stated, and does not contain definite or sufficient assignment of errors.

It has been frequently held by the court that compliance with such requirements is necessary. It is required both by rule of court and statute (section 20-1919, Comp. St. 1929) that "The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment." See *Federal Land Bank v. Elsemann*, 121 Neb. 397, 237 N. W. 288. What is termed "assignment of errors" in the appellant's brief herein is simply and only a copy of the provisions contained in section 20-1142, Comp. St. 1929, reciting the grounds for new trial therein numbered 1, 2, 3, 5, 6 and 8, in the language of the statute. This, while perhaps sufficient under the provisions of section 20-1144, Comp. St. 1929, in the motion for new trial, is wholly insufficient as an assignment of errors in this court.

All that remains which might be construed as a sufficient assignment of error is that the court erred in refusing to allow an interpreter for the plaintiff and his wife.

Upon this proposition we have examined the record and find that there is not in it any motion or application to the

court calling for an appointment of an interpreter or a ruling thereon. The nearest approach to it is in the direct examination of the plaintiff. After some fifty questions had been asked and answered he was asked: "Q. You know what this is? A. That is that mortgage. The Court: Let him have my glasses. Q. Can you see now? A. I cannot see that—on top I can see that. Q. And this exhibit marked '3,' did you ever see that? A. No; no. Mr. Rezac: If the court would like, we might have an interpreter. The Court: He understands you, I think. The Witness: Fine."

While it is true that the plaintiff and his wife exhibited considerable inability to understand questions put to them, yet the trial court was quite liberal in the conduct of the examinations and allowed different matters to be covered and recovered evidently to the satisfaction of the trial court that no interpreter was required and no further reference was made in the progress of the trial to the need for an interpreter. Such matters are so fully within the judgment and discretion of the trial court that we cannot find there was any error in this regard.

The foregoing might suffice for the disposition of the case, but we have read the whole record and find from it that the plaintiff purchased the mortgage in question in July, 1930, and while he claims not to have known that he obtained a second mortgage rather than a first, yet he had possession of the note and mortgage from the time of purchase, they were in his safety box at the bank, the mortgage itself specifically states that there is a first lien on the premises to Forgan Investment Company, and the note has the word "First" in large letters at the top of it ruled out in red and the word "Second" written therein above with ink.

Upon the whole facts as far as disclosed by the record, we agree with the trial court that the plaintiff did not make a case.

AFFIRMED.