HILMA M. WELSH, APPELLANT, V. CITY OF ST. PAUL, APPELLEE.

299 N. W. 336

FILED JULY 18, 1941.   No. 31111.

*Dobry & Dobry, B. J. Cunningham* and *W. P. Lauritsen,* for appellant.

*R. A. Haggart, W. F. Spikes* and *Harold A. Prince, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

This is an action for damages for personal injuries sustained by plaintiff while riding with her husband, when the automobile which he was driving struck a manhole located in the center and protruding above the level of the street. The cause was submitted to a jury, resulting in a verdict for the defendant. Plaintiff appeals.

Plaintiff's petition sets out that the manhole was in the center of the street, protruding above the street level, and was not properly maintained, but negligently permitted to remain in a dangerous position, when the proper officials of the city (a city of the second class) did know, or should have known, of the dangerous and defective condition of the street. The answer contains a general denial, and an affirmative allegation that the negligent conduct of the plaintiff's husband in operating the automobile was the proximate cause of plaintiff's injuries. Other allegations of the answer need not be stated. The reply is a general denial. The record discloses:

Plaintiff and her husband, living two and one-half miles north of Dannebrog, Nebraska, on the night of May 6, 1939, were proceeding to Grand Island, accompanied by four friends, in a 1937 Oldsmobile, owned and driven by plaintiff's husband, to attend a dance. The night was dark and foggy. Between 10 and 10:15 o'clock, the car, with good headlights burning and brakes in perfect condition, and while being driven at 15 to 20 miles an hour down the center of a street in St. Paul, with no other cars approaching, struck the cover of a manhole, which protruded four or five

inches or more above the level of the street and which extended into the ground some 10 or 12 inches, with sufficient force to move it off its base. The car stopped suddenly, moving two or three feet; the manhole casting caught under the housing of the car, bending it underneath and breaking the housing. The frame was sprung and bent about one-third of the way back of the car. On each side of the manhole were traveled tracks, with the main-traveled track on the south side. The center of the road on which the car was being driven was a high crown, sloping down on each side. The driver was going down the center of the road and had straddled the manhole cover. Occupants of the car, residents of St. Paul, knew the manhole was there, but did not mention it to the driver.

There was some controversy about the amount of rainfall on the particular day. The weather bureau statistics placed the amount at .87 of an inch during the day and .24 of an inch at 9 o'clock in the evening. This testimony was elicited because plaintiff's witnesses testified as to clods of dirt immediately under the front part of the car when it was raised, and other witnesses testified about the tracks where the driver applied his brakes. This was denied by plaintiff. The manhole had been maintained by scraping about four inches of dirt around it once or twice during the summer, and one of the employees who had maintained it in this manner testified that he had talked to the city road commissioner about lowering it. It had been so maintained a week previously, and the blade of the maintainer was raised in order to get it over the manhole. The exhibits disclose a muddy condition of the road. The manhole stands near the summit of a slope; the street falls away to the east, and dirt is washed down on the pavement at the intersection to a depth of one to one and one-half inches. The foregoing constitutes the pertinent evidence upon which the case was submitted to the jury.

The plaintiff predicates error, in that the verdict and judgment are contrary to and not supported by the court's instructions to the jury.

The plaintiff requested the following instruction on her theory of the case: "You are instructed that the defendant city is required to exercise ordinary care and prudence in keeping its streets in repair. If you find that the city exercised such care and prudence, you will find for the defendant. If you find that the city failed to exercise ordinary care and prudence in the repair of its streets at the place of the alleged injury, you will then find for the plaintiff." Instructions 4 and 5 offered by plaintiff are on the same theory. The court gave instructions covering this subject-matter in more detail and clarity than in the requested instructions.

It will be observed that the plaintiff specifically requested the court to instruct the jury that, if they found the city exercised due care and prudence, they should find for the defendant. This request was complied with. In such situation the following authorities apply:

It is the rule in this state that, "Where an instruction is given upon an issue submitted to the jury at the request of a party to a suit, he will not be heard to say that there was no evidence upon which to base the instruction." *Wortman v. Zimmerman,* 119 Neb. 682, 230 N. W. 588. See, also, *Splittgerber Bros. v. Skinner Packing Co.,* 119 Neb. 259, 228 N. W. 531.

In view of plaintiff having received what she requested as to her theory of the case, a detailed analysis of the duties of a city to keep and maintain its streets in a reasonably safe condition for public use need not concern us. This stands admitted, and the jury received instructions covering this subject-matter.

Instructions 1 and 2 on the issues and instruction No. 6 on negligence and proximate cause are discussed in plaintiff's brief to some extent. Plaintiff did not except to such instructions or predicate error on the giving of them. Under the circumstances the following applies:

Section 20-1919, Comp. St. 1929, reads in part: "The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal * * * of the judgment, * * * alleged to be erroneous."

This court will not search the record to determine whether or not issues presented by certain instructions are proper questions for the jury, unless the instructions complained of are set forth in appellant's errors relied upon for reversal. *Labs v. Farmers State Bank,* 135 Neb. 130, 280 N. W. 452; *Federal Land Bank v. Elsemann,* 121 Neb. 397, 237 N. W. 288; Revised Rules, Supreme Court, Nebraska, rule 13.

Error is predicated on certain evidence admitted. We have examined this evidence and find the admissibility thereof error without prejudice.

AFFIRMED.