THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH GERALD NICHOLO, Defendant.

County Court, Westchester County, March 23, 1954.

*Monroe Y. Mann* for defendant.

*Samuel Faile, District Attorney (Frederick E. Weeks, Jr.,* of counsel), for plaintiff.

FANELLI, J. Motion by defendant Nicholo for an order to inspect the Grand Jury minutes and to dismiss the indictment.

The principal ground urged in support of the application is that an unauthorized person was permitted to be present during the session of the Grand Jury while the charge embraced in the indictment was under consideration. The alleged unauthorized person was an interpreter sworn to serve in the case.

It is well established that " no person other than the District Attorney, the stenographer and, if necessary, an interpreter is ever permitted to be present in the grand jury room during the examination of a witness with one exception." (*People* v. *Minet,* 296 N. Y. 315, 323; see, also, Code Crim. Pro., § 313.) Neither the exception referred to in the above quotation nor the exceptions set forth in the above-cited section of the Code are applicable to the case at bar.

The defendant urges that here there was no necessity for the presence of an interpreter in the Grand Jury room. In support of his contention he submits a number of affidavits setting forth that the witness understood, could speak or had a working knowledge of the English language.

The test, however, is not that third persons by affidavit state the complainant has a working knowledge of the English language or that the complainant has a vocabulary of so many words. The test is whether as a witness she can express herself sufficiently so that justice might be done.

This motion should not be determined on affidavits of outsiders who contend the complainant could express herself adequately. There is a vast difference between a person giving the appearance of understanding the English language, and calling upon such a person as a witness in a court or Grand Jury room where minute details and descriptions must be given. Certainly, the consent of the defendant is not required in the case of an interpreter. '' It would be a denial of justice to make such right depend upon the consent of the defendant.'' (*Menella* v. *Metropolitan St. Ry. Co.*, 43 Misc. 5, 6.) The defendant is not the judge of whether the complainant or any other witness speaks English or has a working knowledge of the English language. It is the duty of the District Attorney and Grand Jury to ascertain such facts. The determination of necessity is a function of the District Attorney or Grand Jury themselves.

Furthermore, a reading of the minutes by the court discloses there were sufficient facts before the District Attorney and Grand Jury to indicate that the complainant required an interpreter and that she had some difficulty in expressing herself on previous occasions, and that there was sufficient evidence to sustain the finding of the indictment charging kidnapping. Motion denied, submit order.