Conrad F. CASCIATO, by his next friend,
Gennarino Casciato, Appellant
(Plaintiff below),

v.

James J. RENNICK, Appellee
(Defendant below).

No. 3127.

Supreme Court of Wyoming.
April 9, 1963.

Raymond B. Whitaker, and Jerry A. Yaap, Casper, for appellant.

Houston G. Williams, Casper, for respondent.

Before PARKER, C. J., and HARNSBERGER, McINTYRE, and GRAY, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiff sought damages from defendant claiming defendant negligently overtook and drove his automobile against plaintiff's motor scooter while both were proceeding in the same direction upon a divided 4-lane highway, thereby injuring plaintiff. Defendant counterclaimed for plaintiff's negligent damage to his automobile. Trial being to the court without jury, judgment was given defendant on plaintiff's claim and in favor of plaintiff upon defendant's claim. Only plaintiff appeals from the judgment. In consequence, plaintiff stands absolved of negligence.

A sufficient summary of the grounds upon which appellant relies to obtain reversal is: (1) That defendant failed to operate his automobile so as to avoid the collision; and (2) that the court erred in refusing to accept plaintiff as an interpreter for his father.

An axamination of the only evidence to which we are entitled to look shows the accident occurred after dark by defendant's

car striking plaintiff's vehicle from behind when plaintiff's scooter was being driven west, some two feet to the right of the painted strip dividing the two west-bound lanes, at 25 to 30 miles per hour without headlight and with only a "conventional" reflector at its rear; that defendant was driving on his proper part of the highway, at a speed of 60 miles per hour in a 70 mile per hour zone, with his headlights properly adjusted to the driving or dim position; that defendant did not see plaintiff on his scooter until the two vehicles were only about 50 feet apart, and then defendant immediately applied brakes and attempted to turn to the left in an emergency effort to avoid hitting plaintiff and his scooter, but was unsuccessful. Three other witnesses said that after dark and approximately within the same area as that where the accident occurred, they were driving at about 50 to 55 miles per hour when one of them "let a squawk out of her," and the driver at the same time saw a dark blotch, or object, in front on the pavement; that the object turned out to be a motor scooter with no lights or reflectors on it which were visible, and the motor scooter was traveling about in line with the driver's left front wheel, just to the right of the center line. This evidence was substantial and sufficient to sustain the court's judgment.

■ With respect to appellant's claim of error by reason of the court's refusal to accept the plaintiff as an interpreter for his father, this court in Tompkins v. Byrtus, 72 Wyo. 537, 546, 267 P.2d 753, 756, said, " 'it is ordinarily held that whether or not an interpreter should be appointed rests in the discretion of the trial court.' " In Annotation 172 A.L.R. 923, § III, it is stated that a particular interpreter cannot be used against objection unless the court is satisfied he is sufficiently impartial. Cited authorities bear out that conclusion.

■ 21 C.J.S. Courts § 141b, cautiously says, "whether a particular person is sufficiently qualified, competent, or disinterested to act as interpreter is, generally speaking, a matter within the discretion

of the trial court, and in the absence of abuse the exercise of such discretion ordinarily will not be reviewed."

Kelly v. State, 96 Fla. 348, 118 So. 1; State v. Deslovers, 40 R.I. 89, 100 A. 64; and Collette v. Edgerton, 107 Vt. 6, 175 A. 227, all hold the matter is one of the court's discretion. Morse v. Phillips, 157 Miss. 452, 128 So. 336, although holding a relative was not incompetent, also said it was discretionary with the court. Andy v. State, 2 Ohio App. 103, upheld the appointment of a relative, but, because there was no showing of any interest on his part; and People v. Rardin, 255 Ill. 9, 99 N.E. 59, affirmed the appointment of a distant relative. In 88 C.J.S. Trial § 42, it is again said the appointment of an interpreter is in the court's discretion; and Labs v. Farmers State Bank of Millard, 135 Neb. 130, 280 N.W. 452, and Tompkins v. Byrtus, supra, are said to support that statement. Also, in 98 C.J.S. Witnesses § 326, the discretion of the court is noted and the comment made that it is usual to require that the interpreter be impersonal. 58 Am.Jur., Witnesses, § 102, p. 84, likewise says the person to be appointed rests in the discretion of the trial court. None of these cases are contrary to the rule that the matter of selecting or accepting an interpreter lies in the sound discretion of the court, and, unless that discretion is manifestly abused, it will not be disturbed upon appeal.

Appellant offers the following eight cases as supporting his position: Swift v. Applebone, 23 Mich. 252, where a next friend was allowed to interpret for a minor; Paucher v. Enterprise Coal Mining Co., 183 Iowa 1076, 168 N.W. 86, where it was held an objection that the interpreter was interested in the outcome would justify his rejection, but if he was appointed it was not error when it appeared that the opposite party was not injured. People v. Valencia, 27 Cal. App. 407, 150 P. 68, said the appointment of an interpreter was in the discretion of the court, but where the appointment was made over objection without any showing being made of his bias or prejudice, there was

no error. In Chicago & A. R. Co., v. Shenk, 131 Ill. 283, 23 N.E. 436, where the only objection made was that the interpreter was also a witness, the court held that was insufficient. Renick v. Hays, 201 Ky. 192, 256 S.W. 26, said it was not error to appoint an attractive sister of the defendant. Western & A. R. Co. v. Deitch, 136 Ga. 46, 70 S.E. 798, held it was not error to appoint the next friend of a minor. State v. Burns, Iowa, 78 N.W. 681 (reversed on other grounds), found the appointment of a friend was not error, and Mennella v. Metropolitan St. Ry. Company, 43 Misc. 5, 86 N.Y.S. 930, held it was error to refuse an appointment for the sole reason the interpreter was a friend of an attorney in the case.

None of these cases reach the question of error in refusing to accept as an interpreter the plaintiff himself. We are satisfied the court did not abuse its discretion.

There being no error in the trial of this case, the judgment of the court is affirmed.

Affirmed.