■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH JEAN-CHARLES, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered December 3, 1984, convicting him of

forgery in the second degree (three counts), and petit larceny (three counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant's prosecution stemmed from incidents which occurred on December 8, 1983 and December 10, 1983. The defendant was the only attendant on duty at a local Shell gas station when, on each of those two dates, the complainant, Julie Passadino, used her Shell credit card to pay for gas in a single transaction. The complainant's credit statement, however, revealed that two gas purchases were charged to her account on December 8, 1983, and that three purchases were credited to her account on December 10, 1983. One of the credit card receipts, dated December 8, 1983, bore the forged signature of the complainant; likewise, two of the credit receipts dated December 10, 1983, revealed obvious forgeries of the complainant's signature. Moreover, all five of the credit receipts bore the initials of the defendant. The defendant gave oral and written confessions to the crimes.

Considering the overwhelming nature of the evidence against the defendant and trial counsel's efforts on his behalf, it cannot be said that the errors alleged to have been made by his trial counsel were of such magnitude as to deprive the defendant of meaningful representation. Neither the Federal nor the New York State Constitution requires a perfect trial, but only a fair one (see, People v Mack, 111 AD2d 266), and the record demonstrates that the defendant received a fair trial and adequate legal representation.

The defendant also argues that he should have been furnished with an interpreter because of his language difficulty. However, the defendant was attending college and had taken two courses taught in English, receiving a "B" and "D", respectively. His counsel assured the court that the defendant was capable of understanding English. At no time during his testimony did the defendant indicate that he did not understand the proceedings. Under such circumstances, there was no need to have an interpreter. An interpreter should not be appointed unless it is necessary to conduct the case (Menella v Metropolitan St. Ry. Co., 43 Misc 5).

The defendant further argues that his confession should have been suppressed because the police did not permit him to make a telephone call to his parents or to an attorney. This testimony was contrary to that given by the detective who questioned him. Issues of credibility are primarily for the hearing court. Since there is no demonstration that the hear-

ing court's ruling was erroneous, it should be upheld (see, People v Dean, 112 AD2d 947; People v Young, 113 AD2d 852). Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.